THOMAS, Justice.
The petitioner sought and obtained a writ of habeas corpus upon his representation that he had been sentenced to serve from six months to five years in the penitentiary on each of three “counts” charging forgery on 2 December 1960 of checks of less than $100 each. The sentences were imposed. 12 June 1961 by the Circuit Judge of Bre-vard County and were ordered to be served concurrently.
The petitioner complained that at the time the offenses were alleged to have been committed Secs. 831.01 and 811.021, Florida Statutes 1959, F.S.A., were in force, therefore, the sentences were excessive and void, inasmuch as violation of the relevant provision of the former, forgery of “an order for money,” could result under the provision of the latter only in a sentence of not more than six months in the county jail or a fine not exceeding $300', the penalty for committing the crime of petit larceny.
What we have related justified the granting of the petition and the issuance of the writ for the sentences were for the reason claimed, obviously invalid. Furthermore, they were entered on informa- *75 tions charging the petitioner with uttering forged instruments and containing no charges of forging the instruments uttered. It is true that in the captions the informa-tions were described as ones for forgery, and equally true that in the sentences the circuit judge recited that the petitioner had entered pleas of guilty to such offenses, furthermore, that the judge adjudged him guilty of such crimes, but there were no bases for such pleas or such judgments so the sentences were for that reason also invalid.
The sentences passed upon the petitioner by the Circuit Court of Brevard County were void, too, because under the laws effective at the time the offenses were committed both forgery, of which the petitioner was adjudged guilty, and uttering forged instruments, with which he was charged, were, since the amounts in the checks were less than $100, misdemeanors which the circuit court was devoid of power to entertain. Secs. 34.01 (4), 36.01 (4) and 831.02, Florida Statutes 1959, F.S.A., and Secs. 831.01 and 811.021, supra.
From the return of the respondent, signed by the Attorney General, it appears that there is much more to the story of petitioner’s criminal enterprises. On 21 August 1958 he wás charged in the first counts of two informations, filed in the Circuit Court in Nassau County, with forgery of bank checks and in the second counts with uttering them. He pleaded guilty in both cases to forgery and uttering the forged instruments and was sentenced in each case to five years in prison for the forgeries while imposition of sentences for uttering the forged checks was deferred. These sentences were ordered to be served concurrently and were inflicted 23 August 1959.
At the time of the commission of these crimes the punishment for forgery, irrespective of the amount of the forged check, or the law denouncing larceny, was imprisonment in the penitentiary for a term of not more than ten years or in the county jail not exceeding one year. It was after the date of these infractions and before the date of the offenses already described that the penalty was changed from 10 years in prison or one year in jail to the punishment prescribed for larceny.
On 1 November 1960 the Florida Parole Commission granted petitioner a parole to take effect the 22nd day of that month. Parenthetically, this was 10 days before he was alleged to have perpetrated the forgeries in Brevard County.
Subsequently, the Florida Parole Commission revoked the parole by an order reciting that it would be effective upon expiration of the sentences, now found to be invalid, which had been imposed in the Circuit Court of Brevard County.
The parole of the petitioner is, therefore, revoked effective upon expiration of sentences which are void, a situation which ■bears the characteristics of an impasse, especially as the sentences entered in Nassau County, from which he was paroled have not been served.
We have held that usually a petitioner in habeas corpus will not be granted relief under a void sentence, such as those passed in Brevard County, if he is subject to an outstanding apparently valid sentence, such as those imposed in Nassau County. But we did on at least one occasion recognize an exception. Helton v. Mayo, 153 Fla. 616, 15 So.2d 416.
In the cited case the petitioner had been sentenced and re-sentenced for a violation of the law and this court held the proceedings void. It developed that the prisoner was also held on a sentence for a different offense which the trial court had ordered to begin at the expiration of the former sentence subsequently held invalid. The court concluded that the later sentence should be construed to run just as if the language with reference to its beginning at the end of the former, void sentence had not been incorporated.
Following this conclusion the court ordered the discharge of the petitioner so far *76 as the first, void judgment was concerned and remanded him to custody under the commitment issued on the second, valid judgment.
That case and this one are not identical but we think they are so near alike in 'principle that a similar order may be entered here. There the start of a sentence was fixed at the expiration of a sentence subsequently found to be void; here the expiration of the parole is set at the termination of a sentence now found to be void. But the valid sentences have not been satisfied so it seems appropriate to consider the revocation applicable as if its effective date had not been qualified by reference to termination of the void sentences and remand the petitioner to custody under the commitment issued on the sentences imposed in the Circuit Court of Nassau County with credit for such time as he has served and such gain time as he has not forfeited.
This judgment is not to be construed as precluding the State from further proceedings in respect of the offenses committed in Brevard County.
It is so ordered.
ROBERTS, C. J., and TERRELL, THORNAL and O’CONNELL, JJ., concur.