164 So.2d 557 (1964)
Mack Buster McCORMICK, Appellant,
v.
The STATE of Florida, Appellee.
No. 63-809.
District Court of Appeal of Florida. Third District.
June 2, 1964.
Robert L. Koeppel, Public Defender and W. Eugene Neill, Asst. Public Defender, for appellant.
James W. Kynes, Jr., Atty. Gen., and Victor V. Andreevsky, Miami, for appellee.
Before CARROLL, HORTON and HENDRY, JJ.
HENDRY, Judge.
Mack Buster McCormick appeals from the trial court's denial of his motion for relief pursuant to Criminal Rule 1, F.S.A. ch. 924 Appendix. The lower court denied movant's request for relief without affording him a hearing, thereby implying *558 that movant's allegation did not entitle him to relief as a matter of law.
Appellant was sentenced to imprisonment for the rest of his natural life upon his having been found to have been previously convicted of four felonies.[1] By this motion, Mack Buster McCormick claims that he was illegally punished under this section of the law, in that, the three previous convictions, upon which the sentence was based, were unconstitutionally obtained by reason of the fact that he was not represented by counsel at any of those trials.
The trial judge, in his order, found that appellant had been represented by counsel at the proceeding which resulted in the fourth conviction. This is true, but the judge did not inquire into the other allegations of lack of counsel, thereby implying that as a matter of law, they could not be considered.
Appellant contends that inasmuch as, his three prior convictions were illegally obtained, there is no basis for sentencing him to life imprisonment as a fourth offender.
On the other hand, appellee argues that appellant can no longer contest the validity of those three prior convictions because they have already been satisfied and no longer have legal vitality.
We must agree with appellee's contention that Criminal Rule 1, F.S.A. ch. 924 Appendix, is not available to collaterally attack the sentence of the court unless the movant is in custody under the sentence attacked.[2]
Although Criminal Rule 1 is rather broad in its scope, it has neither superseded nor abolished the common law writs of habeas corpus and coram nobis.[3]
Accordingly the order appealed is affirmed without prejudice to his right to seek such other relief as the law affords.
Affirmed.
NOTES
[1] § 775.10 Fla. Stat., F.S.A.
[2] Nabozny v. State, Fla.App. 1964, 163 So.2d 765; Frappied v. State, Fla.App. 1964, 163 So.2d 502.
[3] United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954); Mitchell v. Wainwright, Fla. 1963, 155 So.2d 868; Ex Parte Welles, Fla. 1951, 53 So.2d 708.