PER CURIAM.
Richard M. Johnson appeals an order denying his motion for post conviction relief under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix. The petition alleges that petitioner was tried and convicted without the aid or assistance of legal counsel; that he was insolvent at the time; and that the motion is based on the 6th and 14th amendments of the U. S. Constitution and on the decisions of the U. S. Supreme Court in Carnley v. Cochran [1] and Gideon v. Wainwright.[2]
The order denying the motion without a hearing made the following findings:
“AND THE COURT HAVING REVIEWED the proceedings in this cause, the transcript of testimony, and the records and minutes thereof, makes the following findings of fact.
******
“2. That the Defendant did not request the assistance of counsel for his defense prior to entry of his pleas of guilty, nor at any time during the proceedings before this Court, that Defendant did not represent to the Court that he was indigent and unable to employ an attorney, and Defendant was not denied the assistance of counsel for his defense.
“3. That Defendant understood the nature of the proceedings against him and understood the consequences of his pleas of guilty. That Defendant admitted the truth of the charges against him and his pleas of guilty were entered freely and voluntarily.
“4. That although conclusions of insolvency are alleged in the Motion to Vacate Sentence, it was not affirmatively shown that Defendant was indigent and unable to employ an attorney at the time of the entry of his pleas of *188 guilty or at any time of any proceedings before this Court.
“5. That the Defendant does not show that he would be entitled to release from custody even if the Motion were granted.
“THE COURT CONCLUDES as a matter of law that the allegations of the Motion by Defendant that he was denied the assistance of counsel for his defense are not supported by the evidence nor the record in any way, and that the Defendant did not ask for counsel and the Defendant was not denied assistance of counsel for his defense in violation of the Fourteenth Amendment of the Constitution of the United States of America.”
On appeal the State relies solely up on the reasoning that the order was properly denied because the petition failed to allege that the movant did not competently and intelligently waive his right to counsel. This contention is without merit.
The motion itself contains no allegations that expressly or impliedly negate waiver of the known right to free counsel, but the court below, choosing not to deny the motion on this ground, went into the record to reach a determination. Under such facts, the case is controlled by Dixon v. State, Fla.App.1964, 163 So.2d 771, Second District. In that case Judge Allen stated:
“In the case mb judice, appellant’s motion could have been summarily denied for failure to negate waiver of the right to counsel. The lower court did not, however, summarily deny the motion; rather, it made further inquiry, consulting the files and records of the original proceeding. These were silent as to appellant ever having been advised of the right to counsel or having been offered counsel but affirmatively revealed the absence of counsel at the entry of his plea of guilty and at sentencing. Under those circumstances, a continued presumption which includes a presumption of waiver cannot be indulged. Cf. Carnley v. Cochran, supra. The record sufficed to remedy the initial insufficiency of the motion to state a prima facie claim.” (emphasis supplied)
See also Williams v. State, Fla.App.1964, 163 So.2d 767, Second District.
The allegations of the motion considered with the record revealed a potentially valid claim for relief and it became incumbent upon the trial court to call upon the State to answer and then, if necessary, judicially resolve any issues made. The order is reversed for further proceedings in accordance with the directions announced in King v. State, Fla.App.1963, 157 So.2d 440 and Caminita v. State, Fla.App.1964, 159 So.2d 921.
Reversed and remanded.
ALLEN, Acting C. J., and WHITE and ANDREWS, JJ., concur.

. 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70.

. 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.