174 So.2d 452 (1965)
Willard JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 5795.
District Court of Appeal of Florida. Second District.
March 31, 1965.
Rehearing Denied April 30, 1965.
William D. Frederick, Jr., Public Defender, Orlando, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
PER CURIAM.
The appellant seeks review of a summary denial of his motion to vacate judgment and sentence under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix. The lower court denied this motion expressly on the ground that the appellant is not serving the sentence which he is moving to vacate. The sentence being challenged commences at the expiration of another sentence under which the appellant is presently incarcerated. The State has filed a motion to quash the appeal.
In Cummings v. State, Fla.App. 1964, 166 So.2d 775, and White v. State, Fla.App. 1964, 165 So.2d 799, this court held that a person moving to vacate a sentence which does not commence until the expiration of a previous sentence is not entitled to proceed under Criminal Procedure Rule No. 1, because he is not in custody under the sentences which he is moving to vacate. We so held because of the following language found in Criminal Procedure Rule No. 1:
"A prisoner in custody under Sentence of a court established by the Laws of Florida claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or Laws of the United States, or of the State of Florida, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move *453 the court which imposed the sentence to vacate, set aside or correct the sentence."
After much thought and discussion we have decided to recede from our opinions in Cummings and White. Our reasoning is that a person who is serving one sentence, and is moving to vacate a sentence which commences in the future, is actually "in custody" under both sentences as contemplated by Criminal Procedure Rule No. 1. The fact that he is not yet serving the sentence does not mean he is not in custody under that sentence. If, for some reason, the sentence he was serving would be vacated, he would not be entitled to be released because of the second sentence. Therefore, we think that a person serving two consecutive sentences, who would not be entitled to be released at the expiration of the present sentence, is in custody under both sentences even though he is only serving one.
Falagon v. State, Fla.App. 1964, 167 So.2d 62, though not on all fours with the present case, is of interest. In Falagon the State was contending that a person serving consecutive sentences could not attack the sentence he was serving presently because he would not be entitled to be released. In refusing to sustain this contention, Judge White pointed out that under the State's theory a prisoner serving consecutive sentences could not attack either one since "* * * he would have to vacate one judgment and sentence before moving to vacate the other; and yet in the circumstances he could do neither."
Criminal Procedure Rule No. 1 was formulated as an effective method for collaterally attacking judgments of conviction, as Justice Thornal stated in State v. Weeks, Fla. 1964, 166 So.2d 892; Gideon v. Wainwright, Fla. 1963, 153 So.2d 299; and Roy v. Wainwright, Fla. 1960, 151 So.2d 825. It is more expeditious than habeas corpus and coram nobis and therefore should be given broad application. If the conviction and the sentence not yet being served are subject to being set aside, it is in the best interests of all concerned, the prosecution, the defendant, and society, to have this done at the earliest possible time. The motion to quash is therefore denied.
The trial court summarily denied the appellant's motion to vacate expressly because he was not yet serving the sentence he was moving to vacate, and did not pass upon the merits of appellant's motion. Since we now hold that this is no longer a ground for denying such a motion no useful purpose would be served in permitting this appeal to proceed further. We have already decided in this opinion the only issue which could properly be argued. Therefore, we reverse and remand in order that the trial court may pass on the other issues presented by the motion to vacate.
SMITH, C.J., and SHANNON and ANDREWS, JJ., concur.