PER CURIAM.
This case is before the court on appellee’s motion to quash the appeal.
A review of the record affirmatively establishes that petition for relief filed by appellant in the trial court pursuant to the provisions of Criminal Procedure Rule No.
*516 1 was for the purpose of assaulting judgments of'conviction and sentence rendered against appellant on June 26, 1964, for the offenses of escape and possession of a weapon by a state prisoner. At the time appellant’s petition was filed, he was serving a three-year prison sentence rendered against him on May 13, 1963, and which will not expire until January 9, 1966. From the foregoing it appears without question that appellant was not in custody under the judgments of conviction and sentence which he sought to have set aside by his petition for relief filed under Criminal Procedure Rule 1.
The foregoing rule provides that the benefits conferred thereby are available only to a prisoner in custody under sentence of a court established by the Laws of Florida claiming to have the right to be released upon the ground that the sentence was imposed in violation of the Constitution or Laws of the United States or of the State of Florida, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, and he may move the court which imposed the sentence to vacate, set aside or correct the sentence.[1]
The three-year sentence pursuant to which appellant was in custody of the Division of Corrections at the time he committed the offenses of escape and possession of a weapon was imposed by the Criminal Court of Record of Hillsborough County. The petition in the case sub judice was filed in the Circuit Court of Alachua County and seeks no relief against the Hillsborough County sentence pursuant to which appellant is in custody.
It has been repeatedly held that unless the prisoner is actually in custody of the Division of Corrections under the judgment and sentence which he seeks to have vacated and set aside by his petition filed pursuant to Criminal Procedure Rule No. 1, the petition will be denied.[2] The proceeding in the lower court, as well as the appeal pending here, is frivolous and the motion to quash the appeal is accordingly granted.
WIGGINTON, Acting C. J., and CARROLL, DONALD K, and RAWLS, JJ., concur.

. Criminal Procedure Rule 1, Chapter 924, F.S., Appendix, F.S.A.

. Frappied v. State (Fla.App.1964), 163 So.2d 502; Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963 (1960).