SWANN, Judge.
This is an appeal from an order of the trial court, denying a petition for relief under Criminal Procedure Rule Number One, F.S.A. ch. 924 Appendix.
Petitioner seeks relief from an alleged conviction and sentence for breaking and entering, and grand larceny.
The basis of the petition was that:
“ * * * The petitioner were sentence (sic), for a term of five (5) years in Fla. State Prison at Railford as a multiple offender, due to the fact that he was serving a seventeen (17) years' sentence at the time. * * *
“Since Criminal Rule No. 1, subsequently the (17) years sentence was vacated and set aside and has been given time served. * * *"
A thorough examination of this record does not show that the appellant (petitioner) was sentenced as a mulitple offender. The information does not contain an allegation against a multiple offender, nor does the judgment and sentence.
Sampson v. State, Fla.App.1963, 158 So.2d 771, stated the law, succinctly, by holding:
“ * * * if upon examination, the motion [Criminal Procedure Rule One] is sufficient, but the ‘files and records in the case’ conclusively refute the allegations or otherwise conclusively preclude relief, summary denial is proper.”
Notwithstanding the above, it is well settled in this State that Criminal Procedure Rule Number One is not available to collaterally attack the sentence of a trial court unless the movant is in custody under the sentence attacked. The Rule itself states:
“A prisoner in custody under sentence * * * may move * * * to vacate, set aside or correct the sentence.” (Emphasis supplied)
See Nabozny v. State, Fla.App.1964, 163 So.2d 765; Frappied v. State, Fla.App.1964, 163 So.2d 502.
The identical point involved in the case at bar was presented in McCormick v. State, Fla.App.1964, 164 So.2d 557, and this court held:
“ * * * Criminal Rule 1, * * * is not available to collaterally attack the sentence of the court unless the movant is in custody under the sentence attacked.” (Emphasis supplied)
The petitioner affirmatively alleges that the sentence for seventeen years under attack herein has been vacated and set aside. Under the authority of McCormick v. State, supra, the trial court acted properly in denying the petition.
Affirmed.