ANDREWS, Judge.
The defendant, David George Brawn, appeals the denial of a petition for post-conviction relief under Criminal Procedure Rule One, 924 Fla.Stat.Annot., Appendix. *548 The defendant was charged with robbery and five separate charges of uttering forged checks in 1958. At arraignment he pleaded not guilty, and with permission of the court later changed his plea to guilty. At the time of arraignment and change of plea, the record reflects that he was advised on his right to counsel, to a trial by jury, and the fact that a plea of guilty was an admission of the truth of facts alleged in the information. The record does not affirmatively show that he was advised of his right to court-appointed counsel.
The defendant was found guilty and sentenced to serve ten years on the robbery charge and one year each on the charges of uttering forgeries, all to run concurrently to the sentence for robbery. The court denied relief on the grounds that the defendant was serving a sentence on other charges, and was not presently in custody under the sentence complained of.
This court has held that judgment and sentence must be set aside, which was entered where the defendant was not represented by counsel and the record does not show that he was advised of his right to court-appointed counsel to represent him nor that he competently and intelligently waived his right to such counsel. King v. State, Fla.App.1963, 157 So.2d 440.
This court held in White v. State, Fla. App.1964, 165 So.2d 799, that petition for relief under Criminal Procedure Rule One for a judgment of guilty and sentence could not be considered by the trial court unless the defendant was in custody serving the sentence sought to be reviewed. Since that decision this court has receded from that holding and held that where a defendant was serving a sentence and was to begin serving the sentence sought to be reviewed in the future, he was entitled to have his petition for relief considered by the court. Jones v. State, Fla.App.1965, 174 So.2d 452.
Accordingly, the order of the court denying relief to the defendant is reversed with directions that the judgment and sentence in all six cases be set aside, and that counsel be appointed by the court to represent the defendant, and the defendant, after advice of counsel, be permitted to change his plea from guilty to not guilty.
Reversed, with directions,
ALLEN, C. J., and SHANNON, J„ concur.