PER CURIAM.
By petition for certiorari we have for review a decision of a District Court which allegedly conflicts with decisions of other District Courts on the same point of law. Jones v. State, Fla.App., 174 So.2d 452.
Jones is confined in the State Prison serving two consecutive sentences. We glean from the record that the first— numbered 65575 — was a ten-year sentence imposed on February 5, 1959. The second — - numbered B000789 — was a one-year sentence for escape, imposed on September 21, 1960.
The trial judge denied a Criminal Rule 1, F.S.A. ch. 924 Appendix attack on the second sentence on the ground that at that time Jones was still serving the first sentence. It was his view that the movant was not in custody under the assaulted sentence and that therefore his attack was premature. By the cited decision, the District Court reversed the trial judge on the point stated. *645 The matter was remanded for a consideration of the motion on the merits. This decision was thereafter brought here for review.
The record reveals that the first sentence — number 65575 — was scheduled for termination on September 22, 1965. The records of the Division of Corrections reveal that this sentence was actually terminated on August 20, 1965. Hence, by passage of time, Jones is now in fact confined pursuant to sentence number B000789, which is the sentence assaulted by the Rule 1 motion. The problem presented by the petition for certiorari has therefore become moot. In view of this situation, the writ is discharged and the cause is remanded to the District Court of Appeal, Second District, with directions to remand the same to the trial court to pass upon the issues presented by the motion to vacate, filed under Rule 1, supra.
It is so ordered.
THORNAL, C. J., and DREW, O’CON-NELL, CALDWELL and ERVIN, JJ„ concur.