184 So.2d 161 (1966)
Richard M. JOHNSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 34874.
Supreme Court of Florida.
March 16, 1966.
*162 Richard M. Johnson, in pro. per.
Earl Faircloth, Atty. Gen., and John S. Burton, Asst. Atty. Gen., for respondent.
O'CONNELL, Justice.
We have determined that the opinion filed herein on March 9, 1966 contains wording which may be misconstrued. To obviate this, on our own motion, we withdraw that opinion and enter this one in its stead.
This is an original proceeding based on a petition for habeas corpus and respondent's return to the writ issued by this court on December 17, 1965. It appears from these documents: (1) that on January 9, 1963, petitioner entered pleas of guilty to eleven separate informations charging him with obtaining property by worthless check and/or forgery and with uttering forged instruments; (2) that he was accordingly *163 adjudged guilty and sentenced to one year on each information, the sentences to be served consecutively; (3) that petitioner was without the assistance of counsel, both at the time of pleading guilty and at the time of sentencing; (4) that on about January 10, 1964, the petitioner moved under Criminal Rule of Procedure No. 1, F.S.A. ch. 924 Appendix, to vacate all of these sentences on ground of denial of right to counsel; (5) that said motion to vacate was originally denied, on the ground that petitioner could not attack sentences not then being served; (6) that after appeal had been taken from such denial, the appellate court relinquished jurisdiction, whereupon the trial court, in February, 1965, granted the motion as to the first of the consecutive sentences, which was the one then being served, but denied it as to the remaining sentences on the ground that they could not be attacked under a Rule One motion because they were not then being served; and (7) that petitioner, on December 17, 1965, filed this petition for a writ of habeas corpus.
These circumstances require us to determine whether our Rule of Criminal Procedure No. 1 authorizes a motion attacking a series of consecutive sentences when no other presumptively valid sentence against the same individual is outstanding. Following is the relevant portion of that rule:
"A prisoner in custody under Sentence of a court established by the Laws of Florida claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or Laws of the United States, or of the State of Florida, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."
Federal cases applying Sec. 2255 of Title 28, U.S.C.A. (1959), from which our rule was borrowed substantially verbatim, abound with statements to the effect that the relief provided by that section is not available unless the petitioner is actually serving the sentence sought to be attacked. See cases cited under note 74 of annotation to Sec. 2255, Title 28, U.S.C.A. (1959). Although this court has evidently not passed on the equivalent question under Criminal Rule of Procedure No. 1, it appears that the district courts of appeal of the first and third districts have also held that the petitioner for relief under that rule must be actually serving the sentence sought to be attacked, Barnes v. State, Fla.App. 1965, 173 So.2d 515, McCormick v. State, Fla.App. 1964, 164 So.2d 557; Paul v. State, Fla.App. 1964, 165 So.2d 779; while the second district now holds to the contrary. Jones v. State, Fla. App. 1965, 174 So.2d 452.
It is true that there is language in the portion of the rule quoted above which suggests such a limitation on its operation. Thus, it is a "prisoner in custody under sentence" and claiming the right to be released on certain specified grounds that is authorized by the rule to move for the vacation of the sentence. Also, throughout the language quoted there are repeated references to "the sentence."
However, we doubt that the indicated language was intended to impose this kind of limitation on the operation of either our rule or of Sec. 2255. Rather, it seems to us that the operative limitation intended was that the petitioner must actually be claiming a right to be released from custody. This right marked the historic boundary to the issuance of the writ of habeas corpus, and the purpose of Sec. 2255, and also of Criminal Rule of Procedure No. 1, was not to enlarge the rights protected by that writ but only to facilitate their protection. United States v. Hayman, 1952, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232. Moreover, a cursory perusal of the cases cited in the annotation to Sec. *164 2255, U.S.C.A. Title 28, revealed that in each instance in which it was affirmed that the petitioner had actually to be serving the sentence sought to be attacked, it was also true that another, valid sentence would have prevented release even had he prevailed on his motion.
In the instant case the petitioner was sentenced under eleven separate informations, the sentences to be served consecutively. It appears that all of these sentences were subject to the same infirmity  that they were entered upon a plea of guilty while petitioner was without the assistance of counsel. If the petitioner were permitted to attack all of the sentences, either in one motion or in separate but simultaneously filed motions directed to each of the sentences, he would be entitled to release from custody under all sentences upon the trial court's determining that all of the sentences were infected by the same infirmity. Such release from custody would, of course, be subject to the power of the trial court to remand petitioner to custody pending a new trial on the charges. However, if the view of the trial court is followed petitioner will in turn have to file a Rule One motion attacking sentence number two, and after receiving a favorable order and commencing serving sentence number three file a motion attacking it, and so on. We do not think this should be required.
In order to achieve the intent and spirit of Criminal Procedure Rule No. 1, and to prevent the illogical result which is apparent in this cause, we simply conclude that the operative limitation on the applicability of Rule No. 1 should be and is that in order to have his motion considered a petitioner need only show that he will be entitled to release from custody if his motion is granted. Although this means that a movant under the rule must necessarily attack the sentence under which he is then serving, it also means that he may simultaneously attack other sentences entered by the same court which are to be served consecutively, if he would be entitled to be released from custody in the event he prevailed on the motion.
We hold that in this cause the petitioner should have been permitted to attack all of the sentences pending against him. Nevertheless, we decline to grant the writ of habeas corpus for the reason that the relief to which the petitioner may be entitled is under this opinion now available to him in the trial court in a Criminal Procedure No. 1 proceeding.
Accordingly, the petition for writ of habeas corpus is denied, but without prejudice to petitioner's right to file in the trial court a proper motion to vacate all of the remaining consecutive sentences outstanding against him.
It is so ordered.
THORNAL, C.J., and THOMAS, CALDWELL and ERVIN, JJ., concur.