185 So.2d 466 (1966)
Richard M. JOHNSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 34874.
Supreme Court of Florida.
April 20, 1966.
Richard M. Johnson, in pro. per.
Earl Faircloth, Atty. Gen., and John S. Burton, Asst. Atty. Gen., for respondent.
O'CONNELL, Justice.
By letter which we treat as a petition for rehearing, the petitioner, Richard M. Johnson, calls our attention to the fact that our Revised Opinion, 184 So.2d 161, filed in this cause on March 16, 1966 does not grant all the relief prayed for in his petition for habeas corpus.
In our Revised Opinion we dealt only with petitioner's right to seek relief from ten of the eleven judgments and sentences laid upon him on January 9, 1963 by the Criminal Court of Record, Orange County. We did not discuss or decide petitioner's right also to attack six judgments and sentences entered by the same court on December 3, 1958, because we incorrectly assumed that the petitioner had already been accorded this right by that opinion reported as Johnson v. State, Fla.App. 1964, 165 So.2d 187.
We now know that after the mandate in the last cited case went down, the trial court again denied petitioner's motion to vacate the sentences entered against him on December 3, 1958, this time on the ground that petitioner was not then serving these sentences, hut was in fact serving the sentences *467 entered by the same court on January 9, 1963.
This curious circumstance, in which petitioner was serving the later sentences rather than those earlier imposed, is now easily explained and understood. On March 14, 1961, petitioner was released on parole from the sentences imposed on December 3, 1958. While on parole, petitioner committed the crimes for which he received the eleven judgments and sentences entered on January 9, 1963. Following these later convictions his parole from the first convictions was revoked "effective upon expiration of" the sentences awarded on January 9, 1963. The revocation of parole to become effective at a future date has been recognized by this court in Thomas v. Cochran, Fla. 1961, 133 So.2d 74. Under this arrangement, the petitioner must serve the later sentences before he commences to serve the unsatisfied remainder of the earlier ones.
Under the rule adopted in our Revised Opinion in this cause, the petitioner is entitled to attack the judgments and sentences entered on December 3, 1958, as well as those entered on January 9, 1963. The earlier sentences were entered by the same court as those now being served and are to be served consecutively to them. If he were to prevail in his attack on all these sentences he would be entitled to release, subject to retrial if such be ordered by the trial court.
The effect of this opinion on rehearing, taken together with our Revised Opinion earlier entered is that the petitioner may, by motions to vacate under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix attack the six judgments and sentences entered on December 3, 1958, as well as all those entered on January 9, 1963 which remain unsatisfied. Because the petitioner may receive any relief to which he is entitled by such a motion we also decline to issue the writ of habeas corpus as to the judgments entered on December 3, 1958. This is, of course, without prejudice to petitioner's right to attack such judgments by motion to vacate.
It is so ordered.
THORNAL, C.J., and THOMAS CALDWELL and ERVIN, JJ., concur.