ON MOTION TO QUASH
PER CURIAM.
This matter is before the court on motion of the state to quash the appeal as frivolous.
The defendant was sentenced in the Circuit Court for Hendry County to serve a term for breaking and entering that will expire on March 17, 1967. He was sentenced to serve a term by the Criminal Court of Record for Palm Beach County upon conviction of receiving stolen property for a one-year term to begin on the expiration of his prior sentence from Hen-dry County, and with earned time he would be entitled to release on November 17, 1967.
The Criminal Court of Record for Palm Beach County denied his motion for post-conviction relief on the grounds that he was not at the present time serving the sentence for which relief was sought.
It has been held that relief could be granted where a person was serving consecutive terms even though he had not reached the stage in h,is sentence where he was serving under the actual sentence for which relief was sought on the theory that he was in custody under said term even though he could not be released until the completion of the prior sentence. Jones v. State, Fla.App.1965, 174 So.2d 452. It had been held to the contrary in Cummings v. State, Fla.App.1964, 166 So.2d 775, and in White v. State, Fla.App.1964, 165 So.2d 799. Both of these cases were overruled by Jones v. State, supra.
The Supreme Court in Johnson v. State, Fla.1966, 184 So.2d 161, held that a defendant serving eleven consecutive terms arising out of the same offense and subject to the same infirmity did not have to bring eleven separate actions for relief. However, in so holding it held that a defendant would not be entitled to relief under Criminal Procedure Rule 1, F.S.A. ch.. 924 Appendix, unless he was able to show that he will be entitled to release from custody if his motion is granted.
Inasmuch as the petitioner here would not be entitled to release even if his *376 motion were granted we must grant the state’s motion to quash.
ANDREWS,-. Acting C. J., WALDEN, J., and CABOT, TED, Associate Judge, concur.