SWANN, Judge
(dissenting).
I must respectfully dissent from the views expressed in the majority opinion for several reasons.
To permit the defendant to collaterally attack the validity of a 1946 Hillsborough County criminal conviction in a court of equal jurisdiction, not specifically authorized to reopen such cases, serves merely to frustrate and destroy the sanctity of final judgments.
Although the production and use of the original judgment signed by the judge has been held to be sufficient in Florida, to prove a previous conviction, in a second offender prosecution in Florida,[1] the trial court here, consistent with “due process,” afforded the defendant an opportunity to attack the validity of the previous felony conviction in the original court [in which it was entered] by withholding adjudication of guilt until the outcome of that proceeding.
The Hillsborough court denied relief under Criminal Procedure Rule No. One, *444 apparently because the defendant was not then in custody under that judgment and sentence. Frappied v. State, Fla.App.1964, 163 So.2d 502; Nabozny v. State, Fla.App. 1964, 163 So.2d 765. Presumably, had an appeal been taken from that order denying relief, the doctrine enunciated in Red-dick v. State [2] might have been invoked for a showing that the unusual, exceptional and particular circumstances of this defendant could result in a miscarriage of justice.
There are, however, more significant reasons for my dissent.
As set forth in the majority opinion, a writ of error coram nobis was also sought in the court of original jurisdiction and it was denied, [see cases and reasons in footnote No. 2 of majority opinion] it is said, because the Second District Court of Appeal had ruled that the writ had been abolished by the Florida Rules of Civil Procedure.
In McCormick v. State, Fla.App. 1964, 164 So.2d 557, this court indicated that writs of error coram nobis in criminal cases were neither superseded nor abolished by Criminal Procedure Rule No. One. The defendant, therefore, might have appealed to the District Court of Appeal, Second District, from the Hillsborough court’s dismissal of his motion for a writ of error coram nobis, and, if denied relief under the decisions in Falagon and Grant, supra, petitioned the Supreme Court of Florida for a writ of certiorari on the ground of “conflict” between those decisions and McCormick, supra.
United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954), involved a similar situation. In that case, the petitioner, convicted and sentenced by a New York State court, was given a longer sentence as a second offender, based upon a 1939 conviction on a federal charge. The court allowed an attack upon the earlier federal conviction under a writ of error coram nobis on the basis that the petitioner was without counsel in the earlier proceeding. The court rejected the contention that a federal statute, 28 U.S.C. § 2255, similar to Florida’s Rule One, barred the availability of relief under coram nobis.
It appears that the defendant has not pursued the various remedies and procedures under which he might have challenged the validity of the prior conviction. To attack that conviction, he could have-availed himself of Criminal Procedure Rule No. One, appeal from denial; Writ of Error Coram Nobis to the original trial' court, appeal from denial or Habeas Corpus. [See United States ex rel. Noll v. Fay, D.C.1963, 219 F.Supp. 262.] Having chosen not to pursue any of these remedies, the-defendant now seeks to “get another bite at the apple” by challenging its validity in. the present case. To permit the procedure sanctioned by the majority extends the-doctrine of Gideon v. Wainwright[3] farther than that permitted by Criminal Procedure Rule No. One, in that it will permit convicted felons to collaterally attack the validity of prior convictions after they have-served their time whenever they are faced with second offender prosecutions in other jurisdictions.
I think that by his previous actions, the-defendant has knowingly and intelligently waived his right to collaterally attack this-prior judgment.
I dissent.

. Shargaa v. State, Fla.1958, 102 So.2d 809.

. 2nd D.C.A., 190 So.2d 340, opinion filed October 5, 1966.

. 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).