ON MOTION TO QUASH
PIERCE, Judge.
The State has moved to quash this appeal, which is from an Order of the Circuit Court denying a post-conviction motion for discharge under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix.
The basis for the State’s motion to quash is that the sentence of imprisonment attacked by the Rule 1 motion has already been completely served, and that petitioner-appellant is currently in custody serving another separate and subsequent sentence. The point involved has been before the appellate courts of Florida on numerous occasions.
In Barnes v. State, Fla.App.1965, 173 So.2d 515, the 1st District Court held that Rule 1 was not available to a prisoner for relief from a sentence which he was not then serving but which was to be served upon termination of the sentence he was currently serving.
In McCormick v. State, Fla.App., 164 So.2d 557, the 3rd District Court held that a defendant, serving a life sentence as a fourth felony offender, could not challenge under Rule 1 the validity of his prior convictions which had already been satisfied by service. The 3rd District Court followed the McCormick holding in Paul v. State, Fla.App.1964, 165 So.2d 779.
Phis 2nd District Court, in White v. State, Fla.App.1964, 165 So.2d 799, held that Rule 1 was available only to a prisoner in custody under the sentence which, by his motion, he was moving to vacate. In that case petitioner was serving a sentence *525 which had been imposed prior to the sentence to which his motion was directed. And this Court followed the White holding in Cummings v. State, Fla.App.1964, 166 So.2d 775.
But in Jones v. State, Fla.App.1965, 174 So.2d 452, this Court expressly receded from its previous opinions in Cummings and White, and held that a prisoner could reach a prior sentence by Rule 1, upon the theory that “a person who is serving one sentence, and is moving to vacate a sentence which commences in the future, is actually ‘in custody’ under both sentences as contemplated by Criminal Procedure Rule No. 1. * * * [w]e think that a person serving two consecutive sentences, who would not be entitled to be released at the expiration of the present sentence, is in custody under both sentences even though he is only serving one”.
Thus, after the Jones opinion, this Court was committed to a diametrically opposed philosophy to the 1st and 3rd District Courts as to the applicability of Rule 1 to a sentence which the petitioner had not yet begun to serve.
The Supreme Court, in Johnson v. State, Fla.1966, 184 So.2d 161, reconciled such conflict. Johnson held that Rule 1 did not necessarily rest upon whether petitioner was actually serving the sentence to which his motion was directed, but rather upon whether he would be entitled to be discharged from his present custody if he were successful in his motion. In most instances the result would in practical effect be the same, namely, that Rule 1 would not be available if he was not entitled to absolute discharge, either because his prior unserved sentence was illegal although his current sentence was legal, or his current sentence was illegal but his prior unserved sentence was legal. But where he would be entitled to be presently discharged from custody because the prior sentence and his current sentence were both illegal, either for the same or different reasons, Rule 1 would be available. Such was the rationale of the Johnson case. See also Ervin v. State, Fla.App.1966, 189 So.2d 374, opinion filed July 25, 1966, which follows the Johnson case and also distinguishes Jones.
Applying the' test of Johnson to the instant case, the State’s motion here must be granted, because petitioner’s motion for discharge . is directed to a sentence which he has already served, and the sentence he is currently serving is not shown, or even alleged, to be illegal; hence he would not be entitled to discharge from custody.
The motion to quash the present appeal is granted.
SHANNON, Acting C. J., and HOB-SON, J., concur.