ON MOTION TO QUASH
PER CURIAM.
The State moves to dismiss the appeal of the defendant, Ernest Pritchett.
The defendant moved to vacate a sentence imposed by the Criminal Court of Record under the provisions of Criminal Procedure Rule One, F.S.A. 924 Appendix.
Relief was denied in that the defendant was not serving the term sought to be set aside. The record shows that the defendant was convicted and sentenced to serve a twenty-year term by the Circuit Court of Palm Beach on December 13, 1963, and was sentenced to serve another term of twenty years by the Criminal Court of Record of Palm Beach County to run consecutively with the sentence previously imposed by the Circuit Court of the same county.
*186 The Court of Appeal of the First and Third District have denied relief under such circumstance. Barnes v. State, Fla.App.1965, 173 So.2d 515; McCormick v. State, Fla.App.1964, 164 So.2d 557. The Second District has held to the contrary on the premise that a court should consider the validity of a sentence imposed to run consecutiyely in that the prisoner is in reality being held under both sentences. Jones v. State, Fla.App.1965, 174 So.2d 452.
Although the question was not clearly before the court, the Supreme Court in Johnson v. State, 1966, 184 So.2d 161, held that review under Rule One would not lie unless the consecutive sentences being attacked were imposed by the same court and could result in relief to the defendant.
Motion to quash granted.
SMITH, C. J., and ANDREWS and WALDEN, JJ., concur.