ON MOTION TO QUASH
RAWLS, Acting Chief Judge.
The State seeks to quash Holstein’s appeal from a summary order denying relief in this proceeding collaterally attacking a 1962 judgment and sentence. We glean the facts primarily from Appellant’s brief in opposition to the motion to quash.
In 1962, at the age of 15, Appellant was confined in the Florida School for Boys at Marianna, Florida. On September 3 of that year, he escaped, on the same day “gave himself up,” and was charged with larceny of an automobile. He entered a plea of guilty and on November 5, 1962, was given an indefinite sentence of six months to five years. It is this sentence that Appellant now seeks to vacate.
Appellant was granted parole and released from prison on July 6, 1965. He was arrested in Miami on April 18, 1966, charged with possession of burglary tools, was subsequently convicted and sentenced to a term of eight years by the Criminal Court of Record, Dade County. Appellant is now serving this sentence, with tentative expiration date of May 13, 1971. Upon completion of same he will begin to serve the reinstated Jackson County sentence. Appellant also states in his brief that he was sentenced on January 6, 1967, in Broward County to a term of three years for breaking and entering.
Holstein is seeking a further extension of Criminal Rule I, F.S.A. ch. 924 Appendix, proceedings to allow him to collaterally attack a sentence to begin in the future. He claims that the long-recognized test of applicability of a Rule I proceeding, that is, that petitioner would be released from custody if his motion is granted, should be abolished because the rule enunciated in Johnson v. State,[1] if applied to him, would violate the equal protection clauses of both the Florida and United States Constitutions. We find no merit in this contention.
The two Johnson cases have held that the petitioner in a Rule I proceeding must attack the sentence which he is presently serving and he may, if he desires, simultaneously attack other sentences entered by *8 the same court which are to be served consecutively. Criminal Procedure Rule I provides :
“A prisoner in custody * * * claiming the right to be released * * * may move the court which imposed the sentence to vacate, set aside or correct the sentence.” (Emphasis supplied.)
Holstein’s complaint here is that since he was so unfortunate as to be convicted and sentenced in more than one court, he is being denied the advantage of presently attacking his sentence which will begin in the future. This is a procedural matter. The only body having authority to change this procedure is our State Supreme Court, but in Johnson, supra, it reiterated and firmly re-established[2] the test of entitlement as being the right to release from custody, which is the same test adhered to by the federal courts in construing its companion rule. Therefore, Appellant’s motion to vacate a sentence to begin in the future cannot be considered by the lower court until he makes a successful attack upon the sentence he is presently serving.
Holstein’s second argument is to the effect that if he cannot collaterally attack and secure relief from the sentence he is not yet serving, he will not be eligible for parole on his present sentence. His theory is that since the parole factor has been considered by the United States Court of Appeals, Fourth Circuit, as being “in custody” so as to allow by federal habeas corpus collateral attack on sentences nor yet being served, then Florida courts should likewise adopt this new trend by broadening the scope of its Criminal Procedure Rule I proceedings. As authority for adopting this new trend Appellant cites decisions from the Fourth Circuit Court of Appeals, Federal District Court, and other states, relying primarily upon Martin v. Commonwealth of Virginia,[3] wherein the Fourth Circuit rationalized that the principle of law stated in McNally v. Hill[4] — that a prisoner had to be in custody by virtue of the sentence being challenged — no longer was binding because of the eroding statements expressed in the subsequent cases of Jones v. Cunningham,[5] and Fay v. Noia.[6] It was the conclusion in Martin that “In light of these progressively developing notions as to the scope of the writ of habeas corpus, there is reasonable ground for thinking that were the Supreme Court faced with the issue today, it might well reconsider McNally and hold that a denial of eligibility for parole is a 'restraint of liberty’ no less substantial than the technical restraint of parole.” It is interesting to note that the Fourth Circuit apparently overlooked the 1959 decision of the United States Supreme Court in Heflin v. United States,[7] wherein it flatly stated :
“We reviewed in United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232, the history of § 2255 and emphasized that its purpose was to minimize some of the difficulties involved in the use of habeas corpus. It is now argued that when consecutive sentences are imposed, § 2255, no more than habeas corpus (Mc- *9 Nally v. Hill, 293 U.S. 131, 138, 55 S.Ct. 24, 27, 79 L.Ed. 238, 242), can be used to question a sentence which the prisoner has not begun to serve. This Court is divided on that issue.
“Some think that when § 2255 says ‘A motion for such relief may be made at any time,’ it means what it says. To them the correction of sentence, if made, will affect ‘the right to be released,’ protected by § 2255, even though that right will not be immediately realized. A majority, however, are of the view, shared by several Courts of Appeals, that § 2255 is available only to attack a sentence under which a prisoner is in custody.”
and in Parker v. Ellis,[8] in footnote 1, the same Court stated:
“It is likewise true that ‘a motion for relief under 28 USC § 2255 [relevant only to federal sentences] is available only to attack a sentence under which a prisoner is in custody.’ Heflin v. United States, 358 U.S. 415, at page 420, 79 S.Ct. 451. Contrary to the unconsidered assumption in Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393, this was decided after full deliberation only a year ago.”
Our reading of Heflin and Parker, supra, leaves us without any basis upon which to speculate that in light of these progressively developing notions as to the scope of the writ of habeas corpus, the United States Supreme Court would change its mind as to the rule clearly set out in McNally, for it has as late as 1960 reaffirmed McNally, and rather than to gaze into a philosophical excursion of what it will do tomorrow, we prefer the more solid foundation of what it did yesterday.
Should our Florida Supreme Court embrace the philosophies expressed by those courts and this Appellant, it may by its rule-making power duly amend the procedure outlined by Rule No. I. It is not the function of this Court to attempt by judicial construction to usurp this authority.
The motion to quash is granted.
JOHNSON and SPECTOR, JJ., concur.

. Johnson v. State, 184 So.2d 161 (Fla., 1966), and 185 So.2d 466 (Fla., 1966).

.We note that prior to the Johnson eases the District Court of Appeal, Second District, took the precise view as the Appellant here and held that a prisoner is “in custody” by virtue of a sentence to begin in the future, although he did not challenge the validity of the sentence he was then serving. Jones v. State, 174 So.2d 452 (1965). This view was considered and rejected by the Supreme Court in Johnson, a case which also arose in the Second District.

. Martin v. Commonwealth of Virginia, 349 F.2d 781 (1965).

. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934).

. Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963).

. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

. Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407, 409 (1959).

. Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963, 965 (1960).