PER CURIAM.
Defendant, Henry Kidd, appeals a denial of his motion to vacate judgment and sentence pursuant to CrPR 1.850, 33 F.S.A.
In his motion, defendant attacks a three-year sentence which he says he has not begun to serve. This three-year sentence was imposed in September of 1962.
In his assignments of error, defendant states that he is in custody under previously imposed sentences totalling 17 years and that the three-year sentence under attack in his Rule 1.850 motion is a consecutive sentence to be served in the future when appellant has completed serving all of his sentences. Defendant in his motion for post-conviction relief has not attacked the validity of any sentence for which he is currently in custody.
The petitioner in a Rule 1.850 proceeding must attack the sentence which he is presently serving and he may, if he desires, simultaneously attack other sentences entered by the same court which are to be served consecutively. Holstein v. State, Fla.App.1967, 205 So.2d 6.
A prisoner who fails to challenge the validity of the sentence for which he is currently in custody is not entitled to a hearing on the validity of another sentence as he would not be entitled to release even if he prevailed in his motion. Johnson v. State, Fla.1966, 184 So.2d 161; Escue v. State, Fla.App. 1966, 192 So.2d 524; and Yates v. State, Fla.App.1967, 199 So.2d 340.
Affirmed.
LILES, C. J., and HOBSON and Mc-NULTY, JT., concur.