ON PETITION FOR REHEARING
ROBERT P. SMITH, Jr., Acting Chief Judge.
Wood’s petition for rehearing correctly urges that our per curiam opinion filed July 10, 1979, erroneously relies on Johnson v. State, 184 So.2d 161 (Fla.1966), aff’d on rehearing, 185 So.2d 466 (Fla.1966). Johnson did not hold that a habeas corpus petition must attack all the prisoner’s sentences if he undertakes to attack any of them; the decision was, instead, that a petition for habeas corpus may simultaneously attack all the prisioner’s sentences, including any not then being served. We find also that the Supreme Court later receded from all prior decisions “which hold that a writ of habeas corpus cannot issue if the petitioner is not entitled to immediate release from his confinement.” Frizzell v. State, 238 So.2d 67, 69 (Fla.1970). We likewise recede from the incorrect statement predicating the denial of Wood’s petition on July 10, 1979.
We have considered the merits of Wood’s appeal from the circuit court’s denial of his Rule 3.850 motion without a hearing. Wood complains that his admission of probation violations, Rule 3.790, Fla.R. Crim.P., was induced by the prosecutor’s agreement that the prosecutor would remain silent concerning disposition of the case, and that, as in Wood v. State, 357 So.2d 1060 (Fla. 1st DCA 1978), the agreement was circumvented by inclusion of adverse prosecutor recommendations in the confidential section of the presentence investigation report, which Wood’s brief ad *12 mits his counsel inspected. We need not consider whether the Wood remedy extends to probation revocation proceedings as well as to proceedings on a guilty plea, for the complaint made here could and should have been urged on direct appeal from the order revoking Wood’s probation. Fla.R.App.P. 9.140(b)(1)(C). The allegations in Wood’s 3.850 motion concerning false and serious factual statements in the presentence investigation report are too general to support the application for relief, even if allegations of that character are assumed to be cognizable under Rule 3.850. Section 921.16(1), Florida Statutes (1978 Supp.) forecloses Wood’s complaint that his concurrent sentence was improperly imposed.
AFFIRMED.
ERVIN and LARRY G. SMITH, JJ., concur.