138 So.2d 508 (1962)
Maxwell Allen DORA, Petitioner,
v.
H.G. COCHRAN, Jr., Director, Division of Corrections, Respondent.
No. 31342.
Supreme Court of Florida.
March 7, 1962.
Maxwell Allen Dora, petitioner, in pro. per.
Richard W. Ervin, Atty. Gen., and James G. Mahorner, Asst. Atty. Gen., for respondent.
DREW, Justice.
The respondent Director of the Division of Corrections concedes in his return to the writ of habeas corpus issued by this Court that, at the time the petitioner was convicted for the crime of armed robbery, he was a minor of the approximate age of 17 years and that notice was not given to his parents as required by Section 932.38, Florida Statutes, F.S.A. Respondent further alleges, however, in his response that because the petitioner was enlisted in the military service of the United States at the time of the commission of the offense, he was emancipated and did not come within the protection afforded by the aforementioned statute, citing as authority for his position 39 Am.Jur. Parent and Child, Section 64, page 704, and Jackson v. Citizens' Bank & Trust Co., 53 Fla. 265, 44 So. 516, 530 (1907). Respondent further resists the application of petitioner on the ground that the petitioner is lawfully in his custody under *509 and by virtue of a sentence and commitment for escape rendered by the Court of Record of Broward County, Florida, on the 16th day of May, 1961, said sentence being for the period of one year from the aforementioned date.
With reference to the contention of the respondent as to the emancipation of said minor, we find nothing in the cited authorities that would support the contention of the Director that the emancipation of the minor by virtue of his enlistment in the military service of his country would remove the minor from the protection of the aforementioned statute. Emancipation of minors is ordinarily concerned solely with the question of the right of the minor to collect and control his own wages and labor for himself. The subject statute expressly provides for notice to the parents of "any minor, not married * * * charged with any offense and brought before any of the courts, including municipal courts, * * *." The statute applies equally to minors either in or out of the military service of their country.
Petitioner became of age on September 13, 1958, at which time he was apparently in the custody of the respondent under the sentence and commitment on the robbery charge. The record does not show the date of his escape upon which he was convicted but it does show that he was sentenced to a term of one year for the substantive offense of escape on the 16th day of May, 1961 and that such sentence will not expire until the 15th day of May, 1962 unless, of course, petitioner may be entitled to gain time under the statutes, rules and regulations.
The judgment dated November 19, 1955 sentencing the petitioner to ten years in prison for the offense of robbery for the reasons hereinabove stated is hereby set aside and the petitioner is discharged from further detention under said judgment. However he shall be retained in custody by the respondent to be by him held and safely kept to answer the further order of the appropriate court touching charges contained in the information pursuant to which he was originally incarcerated.
The return establishing that the petitioner is now in the lawful custody of the respondent under the sentence and commitment for escape, such sentence and commitment having occurred subsequent to his attainment of the age of twenty-one years, and no question being raised here as to the validity of said sentence, the writ heretofore issued must be and the same is hereby discharged and the petitioner remanded to the custody of the respondent. Cash v. Culver, 122 So.2d 179 (Fla. 1960); Tilghman v. Culver, 99 So.2d 282 (Fla. 1957); Di Marco v. Cochran, 127 So.2d 674 (Fla. 1961).
It is so ordered.
ROBERTS, C.J., and TERRELL and O'CONNELL, JJ., concur.
THORNAL, J., concurs in judgment
THOMAS and HOBSON (Retired), JJ., dissent.
THORNAL, Justice (concurring in judgment).
I concur in the judgment of remand because petitioner is legally in custody under the commitment for the escape. The holding regarding the judgment of November 19, 1955 is premature in my view.
THOMAS, Justice (dissenting)
I dissent because I think the petition is premature.
HOBSON (Retired), J., concurs.