PER CURIAM.
The appellant has filed a motion to remand this cause to the trial court with instructions to grant a new trial. The basis of the motion is that the Deputy Court Reporter assigned to report the trial was so inefficient and incompetent that her shorthand notes cannot be read and transcribed and consequently, no accurate record of the trial proceedings including the testimony taken can be prepared. The motion is supported by affidavits of the Official Court Reporter and the attorneys for appellant. The Deputy Court Reporter is no longer available and other competent reporters have attempted to read and transcribe her notes but have been unable to do so.
 It is not a necessary prerequisite to appellate review that the record on appeal contain a verbatim transcript of the evidence and events transpiring at the trial. On the contrary, a summarized statement in narrative form may furnish a substantially accurate account of the rulings of the trial judge and the basis on which they were invoked. Such statement may be prepared • from notes kept by counsel; from the judge’s notes; from the recollection of counsel, the judge and witnesses as to what occurred at the trial; and from any and all sources which will contribute to an accurate reflection of the trial proceedings. We also point out that Rule 6.7, subd. f, Florida Appellate Rules 31 F.S.A., provides that the parties may agree upon a condensed statement in narrative form of all or any part of the testimony.
*120 Accordingly the appellant is allowed to and including February 24, 1964, within which to prepare and submit to the trial court, serving a copy on the State Attorney for the Ninth Judicial Circuit, a proposed narrative statement of the trial proceedings including the testimony. The State Attorney may, on or before March 16, 1964, file any objections, additions or amendments to such statement as he may deem proper. The trial judge is requested, as expeditiously as possible thereafter, to certify to this Court such narrative statement of evidence and proceedings on trial as may be agreed upon by the appellant and the State Attorney, adding thereto any additional matter of which he may have knowledge in order that such statement may accurately reflect the trial proceedings.
The motion of appellant must therefore be denied. An appropriate order will be entered.
SMITH, C. J., and KANNER and SHANNON, JJ., concur.