HENDRY, Judge.
Appellant, Moses K. Murray, appeals from an order denying relief prayed for under Criminal Rule No. 1, F.S.A. ch. 924 Appendix.
The “petition” was heard and ruled upon by a judge of the Criminal Court of Record who had not presided at the trial of the accused, but was the successor to the late Judge Ben Willard, the trial judge. Appellant was not present at the hearing, but the Public Defender was present and made an argument in support of appellant’s motion.
The trial court erred in denying appellant’s motion for relief without having first held a hearing for the purpose of receiving evidence in regard to the allegations in the motion.
 In State v. Weeks, Fla.1964, - So.2d -, the Supreme Court set out the applicable procedure to be followed by the trial court:
“4. If the motion on its face states a case for relief the trial court must then look to the record to ascertain whether it ‘conclusively’ reveals no entitlement to relief.
*314 “5. The trial judge has a sound judicial discretion to decide initially whether the claims presented are substantial. In doing so he must assume that the factual allegations of the motion are true unless the trial records conclusively reflect the contrary.”
It is manifestly apparent that the record before the trial court was not sufficient for determining the truth or falsity of the numerous allegations of error assigned by appellant. The trial record did not “conclusively” refute the allegations of error raised by appellant, and for that reason we reverse and remand for a hearing to establish the truth or falsity of these allegations.
Reversed and remanded.