163 So.2d 767 (1964)
Cleveland WILLIAMS, alias Porter Cutts, alias James Wilson, alias Sammie Jones, alias Calvin H. Williams, Appellant,
v.
STATE of Florida, Appellee.
No. 4428.
District Court of Appeal of Florida. Second District.
May 13, 1964.
*768 W.D. Frederick, Jr., Public Defender, and Robert W. Duckworth, Asst. Public Defender, Orlando, for appellant.
James W. Kynes, Atty. Gen., Tallahassee, and Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
WHITE, Judge.
Petitioner appeals an order denying his motion for post conviction relief pursuant to Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix. The State contends that the petition was insufficient in that the petitioner failed to allege that he was indigent at the time of his arraignment, trial and sentence; that the petitioner failed to allege that he was financially unable to employ counsel at the time of his arraignment; and that petitioner did not allege "that he did not competently and intelligently waive his right to counsel."
The order denying the motion found inter alia:
"3. Although it is alleged in the Motion that the Defendant requested counsel and was advised that Florida Law provides for such appointment only in capital cases, such allegation is not supported by the record, minutes, or the evidence in this cause, and had Petitioner requested counsel it was the invariable practice of the presiding judge, the Honorable W.M. Murphy, to appoint counsel, whenever requested, and it is therefore the findings of the Court that the Defendant did not request counsel.

*769 "4. That no allegations are made by the defendant, nor is any proof or evidence presented to the Court, nor does the record or minutes reveal that any representation was made to the Court that Defendant was indigent and without the means and funds to employ counsel at the time of the entries of the pleas of guilty * * *"
The trial court concluded that the allegation in the motion that petitioner requested counsel but was denied assistance of counsel was neither supported by the evidence nor the record;[1] that the petitioner did not allege or show that he was indigent and entitled to appointment of counsel; and that the petitioner was not denied assistance of counsel in violation of the Fourteenth Amendment of the United States Constitution.
Looking to the motion we find that the petitioner alleged:
"Nevertheless it would appear that the sole reason Petitioner has been unable to secure relief from possible unlawful imprisionment, [sic] has been his ignorance of legal procedure and his lack funds [sic] with which to secure competent counsel."
The petitioner alleged that he is not an attorney; that he is ignorant of legal procedure; and that he is not familiar with the constitutional rights of due process of law as guaranteed by the Fourteenth Amendment. These allegations, when read in pari materia with petitioner's remaining allegations, implicitly indicate that he was indigent at the time he entered his pleas of guilty. He alleged that he requested counsel but that his request was denied after he was advised that "Florida law provided appointment only in capital crimes."
With reference to whether or not the petitioner sufficiently alleged that he did not competently and intelligently waive his right to counsel we note the following quote from Stewart v. State, Case No. 4438 filed in this court on May 6, 1964, Fla.App., 163 So.2d 527:
"This record shows that the court neither advised this defendant of his constitutional right to court-appointed counsel if he was insolvent, nor offered to appoint counsel for him. On a record such as this, the question as to whether or not there was a competent and intelligent waiver of the defendant's right to counsel does not exist."
In the present case the lower court's conclusion, in view of what we conceive to be a clear implication of non-waiver from the factual allegations affirmatively made, cannot be sustained. There apparently was no plenary hearing on the motion, and a determination of matters dehors the record cannot form the basis for summary denial of relief under Criminal Procedure Rule No. 1; Keur v. State, Fla. App. 1963, 160 So.2d 546. We have previously stated that in proceedings of this nature, absent a wholly insufficient petition, a record should be made available so that on appeal the representatives of the petitioner may furnish the appellate court with a record of the "plenary hearing" on which the trial court concluded that an insolvent petitioner was advised of his rights[2] and had waived such rights intelligently and understandingly. Caminita v. State, Fla.App. 1964, 159 So.2d 921, 922. Such a record *770 may be furnished through transcription of a statement prepared from notes by counsel, from the judge's notes, from the recollection of counsel, witnesses or the judge, and from any other sources which will contribute to an accurate reflection of the trial proceedings. Thomas v. State, Fla.App. 1964, 160 So.2d 119.
The circumstances under which these pro se motions are drawn prompt liberal treatment and broad latitude in compliance with form and detail. Sampson v. State, Fla.App. 1963, 158 So.2d 771, 774; Dixon v. State, Case No. 4354, 2nd District opinion filed May 6, 1964, Fla.App., 163 So.2d 771. We find the allegations sufficient to invoke a plenary hearing. See King v. State, Fla.App. 1963, 157 So.2d 440.
The order is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.
Reversed and remanded.
SMITH, C.J., and SHANNON, J., concur.
NOTES
[1] Although the record may not affirmatively suport the allegation neither does it conclusively refute it.
[2] The record before the trial court was not sufficient for determining the truth or falsity of the numerous allegations made by the petitioner in his motion. The trial record, or the record on the hearing on the motion, must conclusively refute the allegations of error raised by the appellant. E.g. Murray v. State, Fla.App. 1964, 162 So.2d 313.

In Furman v. State, Fla.App. 1964, 162 So.2d 308, the 3rd District Court of Appeal held that it was reversible error to deny the motion and grant a new trial inasmuch as the accused had a constitutional right to be advised that he is entitled to counsel.