PER CURIAM.
The order here appealed, denying appellant’s motion for relief under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix, was based in part upon the lower court’s determination that:
“ * * * The right of an indigent defendant to court-appointed counsel in a state criminal trial as established by the Supreme Court of the United States of America in the case of Gideon vs. Wainwright, 372 US 335 [83 S.Ct. 792, 9 L.Ed.2d 799], overruling Betts vs. Brady, 316 US 455 [62 S.Ct. 1252, 86 L.Ed. 1595], has no application in the case at bar, inasmuch as the United States Supreme Court did not decide in the case of Gideon vs. Wainwright, 372 US 335 [83 S.Ct. 792], or in any subsequent decision, as it might well have had it intended to, that the States were constitutionally required to apply the new rule retrospectively.
“It is therefore the interpretation of this Court that since the United States Supreme Court did not establish in the case of Gideon vs. Wainwright, 372 US 335 [83 S.Ct. 792], that the rule in that case was to apply retrospectively, that the intention of the United States Supreme Court was not to have the rule applied retrospectively, otherwise it would have certainly have said so.”
The “question” of the propriety of retroactive application of the Gideon rule was discussed briefly in a footnote to our opinion in King v. State, Fla.App.1963, 157 So.2d 440. We concluded, “it appears that the Gideon decision must be retro-actively applied.” Recently the United States Courts of Appeal for the Second and Third Circuits considered the same “question.” Both reached the conclusion that conviction secured prior to the decision in the Gideon case should be tested by the standard therein enunciated. United States v. LaVallee, 330 F.2d 303 (2nd Cir.1964); United States v. Myers, 329 F.2d 856 (3rd Cir.1964). We deem it unnecessary to attempt further elaboration on the point. As Judge Hastie wrote in the Myers case:
“The petitioner is entitled to the most competent and informed decision the judge can now make whether there was fundamental unfairness in his past *231 conviction.” (Emphasis added. 329 F.2d at 859.)
Notwithstanding the lower court’s error with respect to the applicability of the Gideon decision, we must affirm on the basis of insufficiencies in the motion cited by the lower court, certain other findings of the lower court, and the inadequacy of the record-on-appeal to refute these presumptively correct findings. See Fauls v. State, Fla.App. 1964, 164 So.2d 35.
Affirmed.
SMITH, C. J., and ALLEN and ANDREWS, JJ., concur.