PER CURIAM.
Leroy Adkins appeals an order denying his motion for post conviction relief filed pursuant to Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix. In reply to petitioner’s assertion that the court erred in summarily denying the motion the State answers only that the motion was insufficient in that it failed to allege either expressly or implicitly that the petitioner did not competently and intelligently waive his right to counsel. This contention is without merit.
The lower court did not bottom its order on this ground but investigated the record and made certain findings on matters dehors the record. We have previously held that a determination of matters dehors the record cannot form the basis for summary denial of relief under Criminal Procedure Rule No. 1. Keur v. State, Fla. App.1963, 160 So.2d 546; Williams v. State, Fla.App.1964, 163 So.2d 767, Second District.
As noted, the lower court did not deny the motion on the insufficiency of petitioner’s allegations but went into the record. We must, therefore, do the same. Dixon v. State, Fla.App.1964, 163 So.2d 771, Second District. The record before us fails to disclose conclusively that the insolvent defendant intelligently waived a known right to free court-appointed counsel, and therefore the petition should not have been summarily denied. This court has held that an indigent’s failure to request counsel, absent a finding that he was aware of the right to court-appointed counsel without cost to him, does not constitute an affirmative waiver of the right. See Beadles v. State, Fla.App.1964, 162 So.2d 4; Phillips v. State, Fla.App.1964, 164 So.2d 858, Second District
The allegations of the motion considered with the record revealed a potentially valid claim for relief and it became *233 incumbent upon the court to call for answer by the State and then, if necessary, judicially resolve any issues made. The order is reversed for further proceedings in accordance with the directions announced in King v. State, Fla.App.1963, 157 So.2d 440.
Reversed and remanded.
ALLEN, Acting C. J., and SHANNON and WHITE, JJ., concur.