167 So.2d 62 (1964)
Morris Morgan FALAGON, Appellant,
v.
STATE of Florida, Appellee.
No. 5129.
District Court of Appeal of Florida. Second District.
September 9, 1964.
*63 W.D. Frederick, Jr., Public Defender, and Joseph X. DuMond, Jr., Asst. Public Defender, Orlando, for appellant.
James W. Kynes, Atty. Gen., Tallahassee, and Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
WHITE, Judge.
Morris Morgan Falagon appeals an order denying his petition for post conviction relief filed pursuant to Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix. We reverse.
The trial court held that the doctrine announced in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, does not apply retroactively. It was held to the contrary in Geather v. State, Fla.App. 1964, 165 So.2d 229. Although the motion contains sworn allegations which we have deemed sufficient to obtain a hearing,[1] the trial court held that the defendant did not affirmatively show that he was indigent or unable to obtain counsel at any time in the proceedings before the court. We have previously held that absent a finding that an indigent defendant was aware of a right to counsel without cost to him, his failure to indicate indigency does not constitute an affirmative waiver of the right. See Adkins v. State, Fla.App. 1964, 165 So.2d 231, Holmes v. State, Fla.App. 1964, 165 So.2d 433, opinion filed June 17, 1964.
The trial court's opinion is also liberally sprinkled with matters dehors the record, which matters we have previously held are improper for consideration on Rule 1 motion  unless they are first properly made a part of the record. Williams v. State, Fla.App. 1964, 163 So.2d 767. See also Thomas v. State, Fla.App. 1964, 160 So.2d 119. The remaining reason given for denying the relief sought states as follows:
"8. Defendant has consecutive sentences from the Circuit Court of Madison County for the crime of Escape, and even in the event that the Motion before this court should be granted, would not be entitled to be released from custody pursuant to Criminal Procedure Rule No. 1, inasmuch as he would have yet to serve the sentence from Madison County."
The State cites several cases to the effect that post conviction relief under 28 U.S.C. § 2255 is proper only where the granting of the relief sought will operate to release the movant from custody. This is undoubtedly the federal rule. See and compare May v. United States, C.A. (Wash.) 1958, 261 F.2d 629, where the defendant moved to vacate only one of three consecutive sentences received under three counts of a single indictment; Redfield v. United States, C.A., Nev. 1963, 315 F.2d 76, where the defendant moved to vacate three of six concurrent sentences after being found guilty on all six counts; Oughton v. United States, C.A., Alaska, 1954, 215 F.2d 578, where the defendant moved to set aside a life sentence while serving a concurrent five year sentence. See also United States ex rel. Bogish v. Tees, C.A., Pa., 1954, 211 F.2d 69, which hinted that federal relief under such circumstances might be accomplished by a motion in the nature of a writ of error coram nobis. However, a federal court has relaxed the harshness of the federal rule to a certain extent. See United States v. Scarlata, C.A., Pa., 1954, 214 F.2d 807.
*64 Although Florida Criminal Procedure Rule No. 1, Fla., 151 So.2d 634 is the counterpart of 28 U.S.C. § 2255, there are some differences. For example, the federal rule operates only as an attack against an alleged illegal judgment and in order to seek correction of an illegal sentence one must utilize Rule 35, Federal Rules of Criminal Procedure. The latter rule presupposes a valid judgment. Redfield v. United States, C.A., Nev. 1963, 315 F.2d 76. The Florida counterpart, however, affords relief as to an illegal sentence as well as to an illegal judgment where such sentence was imposed upon an indigent defendant who did not intelligently waive his right to counsel. See e.g. Evans v. State, Fla.App. 1964, 163 So.2d 520; Williams v. State, Fla. App. 1964, 165 So.2d 197.
The Florida Rule does not necessarily contemplate release from custody. The rule states in pertinent part:
"* * * If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." (emphasis added)
Under the Florida Rule it would be inconsistent to hold that relief which otherwise would be granted as to a current sentence should be denied simply because the petitioner is subject to consecutive sentences and could not be released from custody. He could be released from the particular sentence complained of and retained in custody under remaining sentences. If the contrary rationale were applied to the Florida rule, previous lack of due process would be presently compounded. If the fact that the petitioner is serving multiple sentences under two different courts should operate as a bar against a Rule 1 motion, the petitioner would be denied relief from either judgment or sentence since he would have to vacate one judgment and sentence before moving to vacate the other; and yet in the circumstances he could do neither.
Florida Rules of Civil Procedure no longer provide for writ of error coram nobis,[2] and we have held that a collateral attack upon a conviction being served, which would traditionally be urged by said writ, should be urged under Criminal Procedure Rule 1. See Grant v. State, Fla.App. 1964, 166 So.2d 503, opinion filed July 17, 1964 and Solitro v. State, Fla.App. 1964, 166 So.2d 474, opinion filed July 22, 1964.
Prior to the adoption of Criminal Procedure Rule No. 1 the relief here sought was available through habeas corpus proceedings. Normally habeas corpus will not be entertained where a prisoner held under two sentences attacks only one. Hollingshead v. Mayo, Fla. 1955, 79 So.2d 774. However it has been successfully utilized where only one of multiple sentences has been attacked on the ground of lack of due process. See Dora v. Cochran, Fla. 1962, 138 So.2d 508 where the petitioner alleged that his conviction for armed robbery was invalid because at the time he was a 17 year old minor whose parents had not been notified under Fla. Stat. § 932.38, F.S.A. The respondent urged that the relief should be denied because the prisoner was also serving a term for escape and could not be released in any event. This argument was rejected and the Florida Supreme Court ordered the prisoner's release from the ten year sentence for robbery but ordered his retention in custody under the commitment for escape.
A few days after adoption of Florida Criminal Procedure Rule No. 1, one Alfred *65 Wittcop attempted a collateral attack upon two concurrent sentences through habeas corpus proceedings. We denied the petition on the ground that the proper procedure to test the legality of a current sentence on constitutional grounds is by the rule. See Wittcop v. Wainwright, Fla.App. 1963, 151 So.2d 635.
The order appealed is reversed and the cause remanded for further proceedings consistent herewith.
Reversed and remanded.
ANDREWS, J., concurs.
ALLEN, Acting C.J., concurs specially.
ALLEN, Acting Chief Judge (concurring specially).
I concur in the disposition of the cause indicated in Judge White's opinion. With respect to the propriety of affording a prisoner relief from one illegal sentence when, as in the instant case, he would be subject to immediate reincarceration under another consecutive sentence, I am of the view that the decisions of our Supreme Court in Keene v. Cochran, Fla. 1962, 146 So.2d 364, and Velluchi v. Cochran, Fla. 1962, 138 So.2d 510, are determinative. These cases clearly indicate that the existence of a presumptively valid consecutive sentence does not preclude relief from an invalid sentence presently being served. Although concerned with writ of habeas corpus, both cases are, by necessary analogy, relevant to the subsequently proclaimed Criminal Procedure Rule No. 1.
With respect to the propriety of relief from one illegal sentence when, as is not the case here, the prisoner is presently incarcerated under a presumptively valid concurrent sentence, I would express no opinion except to note that the opinion of a bare majority of our Supreme Court in Dora v. Cochran, Fla. 1962, 138 So.2d 508, would seem to permit invalidation of a judgment in proceedings purporting to be concerned merely with the legality of detention, notwithstanding confirmation of the legality of detention.
NOTES
[1] See. e.g. King v. State, Fla.App. 1963, 157 So.2d 440.
[2] See Rule 1.38 R.C.P., 30 F.S.A.