SAYANN, Judge.
The appellant, defendant below, filed a petition collaterally attacking his judgment and sentence in the Criminal Court of Rec- *237 ó'rd "lor armed robbery. The trial court treated the pleadings as a Motion to Vacate the Judgment and Sentence, pursuant to Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix, and entered an order denying the petition.
Appellant filed his notice of appeal and the Public Defender was appointed to represent him. This court reversed the trial court and remanded the case for the purpose of receiving evidence on the allegations in the petition. Murray v. State, Fla.App.1964, 162 So.2d 313.
A hearing was held by the trial court on the allegations, at which time the files and records were examined; the appellant testified, and the attorneys for the State and appellant were both before the court. The court entered its order denying the petition.
Appellant filed a notice of appeal from the order denying his petition. This court granted an order permitting the Public Defender to withdraw as appellant’s attorney of record, on the grounds that the matter raised by appellant’s petition did not fall within the purview of State v. Weeks, Fla. App.1964, 166 So.2d 892.
Appellant prepared and filed the necessary pleadings and briefs to complete his appeal, contending that there was not a full evidentiary hearing granted to him by the trial court in accordance with the order of this court. An examination of the record rejects this allegation.
The basic requirement in any collateral attack proceeding is that the allegations in the petition state facts, not conclusions, and demonstrate the invalidity of the judgment, sentence or detention. In absence of these supporting factual allegations, the courts have consistently denied the validity of the petitions. See Sam v. State, Fla.App.1964, 167 So.2d 258; Wooten v. State, Fla.App.1964, 163 So.2d 305.
 We have examined the pleadings and briefs filed by appellant in this matter and do not believe that they are within the criteria established by State v. Weeks, supra, in that applicant has the burden of making a prima facie case by the allegations of his petition. If a hearing is found necessary, the applicant has the burden of proving the allegations in the petition. The appellant failed to meet that burden at the hearing held before the trial court.
Inasmuch as appellant was represented by counsel during previous stages of his case, but was not represented by counsel on his appeal presently before this court, it is appropriate for us to state the rule of law as set forth in State v. Weeks, supra, 166 So.2d on page 897, which states:
* * * * * *
“There is no absolute organic right to the assistance of counsel at á hearing on a Rule 1 motion or on appeal from an adverse ruling thereon. Each case must be decided in the light of Fifth Amendment due process requirements which generally would involve a decision as to whether under the circumstances the assistance of counsel is essential to accomplish a fair and thorough presentation of the prisoner’s claims. * * * ”
******
-It is the opinion of this court that the assistance of counsel was not necessary to accomplish a fair and thorough presentation of the appellant’s claim before this court on appeal.
The decision of the trial court in denying the petition for relief under Criminal Procedure Rule No. 1 is hereby,
Affirmed.