PER CURIAM.
The appellant was charged in a two-count information with breaking and entering a dwelling and with grand larceny. Subsequent to a non-jury trial on a plea of not guilty, the appellant was found guilty and sentenced to four years in the State-penitentiary.
On March 16, 1964, he filed an unlabeled' paper which the trial court treated as a petition to vacate under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix. Said document alleges that the appellant was deprived of a fair trial, but fails to allege any grounds to support the allegation of deprivation of fair trial. The petition was. summarily denied by the trial court. There *384 after, appellant filed a so-called writ of habeas corpus, which has been treated as a notice of appeal.
We affirm. It has long been the rule in habeas corpus proceedings that allegations must state facts, not conclusions, which demonstrate the invalidity of the detention. See: 15 Fla.Jur., Habeas Corpus, § 88. Motions pursuant to Criminal Procedure Rule 1 are in the nature of a substitute for habeas corpus [See: Roy v. Wainwright, Fla.1963, 151 So.2d 825] and, consequently, allegations in a Criminal Procedure Rule 1 motion, which recite only bald, legal conclusions with no supporting factual allegations, should be properly dismissed. See: Mankus v. State, Fla.App.1964, 161 So.2d 547; Hale v. State, Fla.App.1964, 162 So.2d 5; Dykes v. State, Fla.App.1964, 162 So.2d 675, 677 (and the numerous Federal cases cited therein); Byers v. State, Fla.App.1964, 163 So.2d 57; Wooten v. State, Fla.App.1964, 163 So.2d 305; Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148.
As stated in the recent case of Sampson v. State, Fla.App.1963, 158 So.2d 771, at page 774:
******
“[4] A cursory examination of the numerous allegations in the motion reveals that many are merely conclusions of the movant unsupported by factual allegations and are, accordingly insufficient and improper. The circumstances under which these motions may be drawn have prompted liberal treatment and ‘broad latitude in compliance with requirements as to form and detail,’ but factual allegations in support of any basis for relief advanced are necessary. Roy v. Wainwright, Fla.1963, 151 So.2d 825. Webster v. State, Fla.App.1963, 156 So.2d 890. A motion advancing mere conclusions as grounds for relief may be properly dismissed. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (3963). * * *” [Emphasis added]
******
Therefore, we find no error in the action of the trial judge in entering the order here under review, and same is hereby affirmed.
Affirmed.