PER CURIAM.
Appellant was convicted in the Court of Record of Broward County, Case No. 23903, placed upon probation, and then convicted in Case No. 31893, whereupon his probation was revoked and he was given an identical sentence in each case to run concurrently with the sentence in the other case. He attacked the judgment and sentence in Case No. 31893 by a motion pursuant to Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix but he did not attack the judgment and sentence in Case No. 23903.
The state candidly admits and we find that the allegations of the motion, if true, constitute valid grounds for granting relief. Despite the foregoing the state contends that the judgment should nevertheless be affirmed because the granting of relief in the instant case will not release Dovico from the custody of the State of Florida.
We have previously held that a prisoner may move to vacate a judgment and sentence where the sentence being challenged commences at the expiration of another sentence under which the appellant is presently incarcerated, commonly known as a consecutive sentence, or where there is an un-served consecutive sentence outstanding in addition to the sentence being challenged. Jones v. State, Fla.App.1965, 174 So.2d 452, and Falagon v. State, Fla.App.1964, 167 So. *341 2d 62. The reasoning applied in those decisions is applicable to a concurrent sentence, which is the case at bar. The order denying relief is reversed with directions to grant Dovico a hearing on the allegations of his motion.
SMITH, Acting C. J., and ANDREWS and LILES, JJ., concur.