PER CURIAM.
Appellant filed a motion in the criminal court of record for Dade County, under Criminal Procedure Rule 1, F.S.A. ch. 924-Appendix, seeking relief from judgment of conviction of the crimes of robbery and *588 assault with intent to commit murder in the second degree, for each of which there was imposed a twenty-year sentence, to be served concurrently. The trial court summarily denied the motion, and this appeal followed. The contentions made in the trial court, as best we can determine from the motion were: that appellant’s arrest and detention prior to trial were illegal; that evidence adduced against him was the fruit of an illegal search and seizure; that he was •denied counsel at the preliminary hearing; .and that he was denied his privilege against self-incrimination by being coerced into pleading guilty.
Allegations in the form of conclusions unsupported by facts necessary to show basis for relief are insufficient under Criminal Procedure Rule 1, Brookings v. State, Fla.App.1965, 174 So.2d 578. This is applicable to the above contentions of the appellant claiming illegal arrest and detention and denial of counsel at a preliminary hearing. See Blake v. State, Fla. App.1964, 163 So.2d 20, and Shannon v. State, Fla.App.1965, 172 So.2d 479. The record discloses appellant was represented by counsel at all critical stages of the proceedings. Appellant’s contention as to illegal search and seizure was properly denied. The contention was made at the trial by a motion to suppress, and was there denied. That ruling was a matter reviewable by appeal. See Duncan v. State, Fla.App.1964, 161 So.2d 718, and Mason v. State, Fla.App.1964, 167 So.2d 618.
The remaining ground asserted in the motion, contending appellant was denied his privilege against self-incrimination by being coerced into pleading guilty is refuted by the record, which discloses that he pleaded not guilty to both of the charged offenses and- was tried thereon on the basis of his not guilty plea.
No reversible error having been made to appear, the order appealed from is affirmed.
Affirmed.