WHITE, JOSEPH S., Associate Judge.
This appeal by a defendant in a criminal case challenges an order of the trial court denying his petition under Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix to vacate a judgment of conviction upon a plea of guilty. The petition was denied without hearing evidence, but the order was reversed with directions to grant a hearing upon the allegations of the petition. See Dovico v. State, Fla.App.1965, 178 So. 2d 340. The trial court has now heard the evidence and the order again denying the petition, together with the record of the hearing, is now before this court for review.
The information against the defendant charging a felony was filed September 29, 1961. He was brought before the court November 3, 1961, at which time a Public Defender was assigned to represent him. Defendant then advised the Public Defender that he desired to enter a plea of guilty. On November 7, 1961, he again was brought into open court with the Public Defender as his counsel and arraigned. He plead guilty and the judgment in question followed. The petition to vacate the judgment was filed February 4, 1965.
Appellant argues that he was denied effective counsel when questioned by arresting officers and also by the trial judge prior to appointment of the Public Defender to represent him, at which time he made incriminating statements which lead to the plea of guilty. See Wright v. Dickson, 9 C.A. 1964, 336 F.2d 878.
The right to counsel at such a stage of the proceedings is now well established by Escobedo v. State of Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977; and Miranda v. State of Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974.
Escobedo v. State of Illinois was decided June 22, 1964, and Miranda v. State of Arizona was decided June 13, 1966. The rules stated there are not to be given retroactive application. Johnson v. State of New Jersey, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882. Nevertheless, upon such a claim as appellant makes here the court must consider all of the circumstances and determine therefrom the issue of voluntariness in defendant’s incriminating conduct, if any, leading to conviction. If it appears that the conviction was “the product of a will overborne” the conviction must be vacated. Davis v. State of North Carolina, 1966, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed. 2d 895.
The “incriminating” statement which appellant says he made before he had the benefit of counsel was an oral one. Details of the statement are not given in the record. There is no showing that the Public Defender was unaware of the statement and all other circumstances surrounding his client’s arrest.
We find no evidence of a character sufficient to support a determination that such an “incriminating” statement rendered appellant’s subsequent plea of guilty involuntary or that there was coercion, intimidation or deceit in the proceedings. Cf. Davis v. North Carolina, supra.
The burden was upon the appellant to prove that the plea of guilty was “the product of a will overborne.” See Harris v. State, Fla.App.1965, 177 So.2d 543. His proof fell short of sustaining the burden.
Affirmed.
ANDREWS, Acting C. J., and CROSS, J., concur.