202 So.2d 132 (1967)
Gerald SWINDLE, Appellant,
v.
The STATE of Florida, Appellee.
No. 66-948.
District Court of Appeal of Florida, Third District.
September 12, 1967.
Robert L. Koeppel, Public Defender and Marvin J. Emory, Jr., Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Arden M. Siegendorf, Asst. Atty. Gen., for appellee.
Before CHARLES CARROLL, C.J., BARKDULL, J., and LOPEZ, AQUILINO, Jr., Associate Judge.
PER CURIAM.
By this appeal reversal is sought of orders of the trial court summarily denying two petitions for relief under Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix. The appellant was charged with separate crimes of larceny of an automobile in two informations. When arraigned he pleaded not guilty. Trial upon one of the informations resulted in his conviction and a sentence to confinement in the state penitentiary for five years. Thereafter he changed his plea to guilty to the other charge, was adjudged guilty and was sentenced to a like period of confinement, to be served concurrently. While so confined appellant filed motions in each of the cases under Rule 1. We have considered appellant's contentions in the light of the record and briefs and find no reversible error. In the proceedings and trial in the court below the defendant was represented by private counsel of his choice. His present challenge of the quality of that representation is not a basis for relief under Rule 1. Williams v. State, Fla.App. 1964, 167 So.2d 795; Messer v. State, Fla.App. 1964, 169 So.2d 378. As to the case which was tried, the contentions in the motion relating to matters occurring at trial were stated as conclusions not supported by allegations of fact. Dancy v. State, Fla.App. 1965, 175 So.2d 208; Murray v. State, Fla.App. 1965, 175 So.2d 236. Moreover, such matters were reviewable on appeal. Austin v. State, Fla.App. 1964, 160 So.2d 730, 732; Harper v. State, Fla.App. 1964, 168 So.2d 325, 326; Brooks v. State, Fla.App. 1966, 188 So.2d 883; Brooks v. State, Fla.App. 1967, 194 So.2d 303, 304. The Rule 1 motion directed to the conviction and sentence in the case in which the defendant *133 pleaded guilty failed to present grounds necessitating evidentiary hearing, and the trial judge correctly denied the motion.
Affirmed.