PIERCE, Judge.
Appellant Benjamin Brown appeals to this Court from an order entered by the Court of Record for Manatee County denying his motion filed under CrPR 1.850, 33 F.S.A., to vacate a previous judgment of conviction.
On December 17, 1968, Brown was charged by information filed in the Court of Record for Manatee County of armed robbery. Upon arraignment and plea of guilty, he was adjudged guilty of said offense by the Court and sentenced to life imprisonment. Thereafter, on April 10, 1969, he filed his motion to vacate and set aside said judgment and sentence under CrPR 1.850 upon the sole ground that at the time of his “trial”, Brown “was without the assistance of counsel, contrary to the constitutional provisions guaranteed by our Sixth Amendment to the U. S. Constitution”. After hearing upon the motion, the Court found that Brown “was adequately advised of his rights to counsel, the right to enter a plea of not guilty to the charge of robbery and the right to have a trial by jury, to the charge of robbery made against *899 him and to have counsel represent him at the trial of said cause and that his Constitutional rights have not been deprived (sic)”. The Court thereupon denied the motion to vacate, from which order Brown appeals to this Court, assigning as error the contention that “his life sentence was determined by a policy of the trial Judge prior to the time Defendant had even entered his plea of guilty.” We affirm the order appealed.
The post-conviction rule 1.8S0 provided in effect that petitions thereunder shall be denied if “the files and records of the case conclusively show that the prisoner is entitled to no relief”. In the case sub judice the official minutes of the Court, as exemplified to us here in the certified record, show that on December 19, 1968, the “Court advised the defendant [Brown] that he had the right to have an attorney to represent him and that if he did not have funds to hire one the Court would appoint one, to which the defendant stated he did not want an attorney. Waiver of Counsel was filed in open Court. The defendant was arraigned and entered a plea of Guilty to the offense of ROBBERY,” etc. There is also included in the record here a certified copy of the official judgment and sentence which recites that “the defendant being present in open Court and filing Waiver of Counsel was arraigned and entered a plea of GUILTY to the offense of ROBBERY”. Thus, “the files and records of the case conclusively show” that appellant Brown knowingly and intelligently waived counsel in open Court.
The assignment of error, to which we have hereinbefore alluded, challenges the propriety of the sentence to life imprisonment. It is said on behalf of Brown that the trial Judge was committed to a predetermined policy of pronouncing a life sentence upon all persons “guilty of armed robbery * * * regardless of the circumstances”.
Aside from the fact that such assertion is without any support whatever in the record before this Court, Brown does not bring himself within the class of prisoners who may claim relief under CrPR 1.850. That rule is open only to those prisoners claiming the right to be released upon the ground that—
(1) “The sentence was imposed in violation of the Constitution or Laws of the United States, or of the State of Florida”, or that
(2) “The court was without jurisdiction to impose such sentence”, or that
(3) “The sentence was in excess of the maximum authorized by law”, or is
(4) “Otherwise subject to collateral attack.”
Brown clearly does not bring himself within any of the foregoing categories. Therefore, he did not initially place himself in a position to legally claim any relief.
Also, his motion to vacate the sentence made no contention with reference to any impropriety in the sentence. It was based solely and exclusively upon the contention that he was “without counsel” when he changed his plea to guilty, which contention, as already shown, was refuted by the Court files and records. The basic requirement in any proceeding collaterally attacking a judgment of conviction is that the allegations in the petition must state facts, not conclusions, and must demonstrate invalidity of the judgment and sentence. Murray v. State, Fla.App.1965, 175 So.2d 236; Smith v. State, Fla.App.1965, 176 So.2d 383; Tolar v. State, Fla.App.1967, 196 So.2d 1; Grayson v. State, Fla.App.1966, 191 So.2d 587; Dias v. State, Fla.App.1963, 158 So.2d 766.
Furthermore, assuming the contention as to the sentence was open to review, it is wholly unavailing to Brown here because it is elementary that a sentence of imprisonment imposed for violation of a criminal statute may not be successfully challenged if the imprisonment fixed is within the limits provided by law. *900 § 813.011 provides that a person guilty of armed robbery “shall be punished by imprisonment in the state prison for life or for any lesser term of years, at the discretion of the court”. This disposes of that feature.
We have perhaps been overly prolix in passing upon Brown’s diverse contentions but it was because we wanted to give scrupulous and minute consideration to the asserted claims of a prisoner serving a life sentence for committing an offense other than rape or first degree murder.
The order appealed is—
Affirmed.
HOBSON, C. J., and MANN, J., concur.