PER CURIAM.
' The relator has filed a pro se petition in this court alleging that he is illegally restrained by the respondent by virtue of the state’s failure to provide counsel and other means of perfecting his appeal, all in viola *175 tion of the relator’s state and federal constitutional rights.
This court issued its rule to show cause to the respondent, who filed his response. It did not clearly appear from the record whether the state’s act or omission, if any, was the cause of the thwarted appeal. Therefore, this court appointed the Honorable Jack M. Turner, Judge of the Criminal Court of Record in and for Dade County, Florida, Commissioner to take such testimony as shall be deemed necessary to resolve relator’s allegations upon which relator claims he was frustrated in taking his appeal. Judge Turner, acting as Commissioner pursuant to our order, held an evidentiary hearing as to the matters complained of by relator. His report to this court shows that the relator’s attempt to appeal was inadvertently thwarted by the office of the public defender.
Where the taking of a timely appeal has been thwarted by state action defendant may have judgment involved reviewed as on full appeal, by a proceeding in habeas corpus in the District Court of Appeal in the district in which his trial was held; Baggett v. Wainwright, Fla.1969, 229 So.2d 239.
Accordingly, it is ordered that jurisdiction of this cause be temporarily relinquished to the trial court with directions to determine whether or not the petitioner is insolvent, unless such determination has been previously made in this cause. In the event the petitioner is insolvent the trial court is directed to appoint counsel to represent the appellant on this appeal.
It is also ordered that defendant by his petition in habeas corpus, be and he is hereby allowed to proceed with an appellate review of the judgment of which he complains; and it is further ordered that (1) the petitioner shall file in the trial court within thirty days of this order his directions to the clerk of the trial court and designations to the reporter as though he were proceeding under Rule 3.6 Florida Appellate Rules, 32 F.S.A. (2) A copy of the directions and designations shall be filed in this court. (3) Upon completion of the record for appeal, it shall be filed in the trial court and a notice of the filing of the record shall be sent by mail to petitioner’s attorney. (4) Twenty days after the date of the filing of the record and the mailing of the notice of filing the petitioner shall file his brief in this court. The briefs shall be in the form prescribed by Rule 3.7 Florida Appellate Rules, except that assignments of error need not be filed and petitioner shall present his points on appeal directed to the rulings of the trial court which he contends are reversible error. (5) Twenty days after the filing of petitioner’s brief the state shall file its brief. (6) Ten days thereafter the petitioner may file a reply brief. (7) The record on appeal shall be transmitted to this court SO days after it is filed' in the trial court. (8) The petitioner or the respondent may request oral argument. (9) Thereafter this cause shall proceed as an appeal entitled to priority in this court.
It is so Ordered.