RAWLS, Judge.
By petition for writ of habeas corpus Otis Wooden seeks to set aside his judgment of conviction and sentence of 30 years for the offense of forcible rape.
Petitioner seeks to raise a number of issues which might properly be reviewable on a direct appeal but cannot be reached in this proceeding. However, we find merit in petitioner’s contention that he has been unconstitutionally deprived of a direct appeal from the judgment of conviction, and for the reasons hereinafter set forth we grant relief.
Defendant Wooden was adjudicated to be indigent and counsel was timely appointed by the trial court. After the jury verdict was rendered and judgment and sentence pronounced, Wooden was advised by the trial court:
“Now, I want to advise you that you have the right to appeal the foregoing judgment or sentence, or both, within 30 days from the date of this judgment and sentence, and if you are indigent the court will appoint an attorney to represent you on appeal at State expense.”
As a part of its return to the rule nisi issued in this cause the State attached an affidavit executed by Wooden’s court-appointed counsel which states in effect that subsequent to the adjudication of guilt and *138 imposition of sentence of 30 years and after Wooden was advised of his right to appeal, his court-appointed counsel had a conference with him regarding the taking of an appeal, and Wooden requested him to appeal. The affidavit further states that Wooden’s court-appointed counsel “ * * refused to appeal for reasons of professional judgment in that upon a retrial Otis Wooden would again be in jeopardy for his life and that furthermore Affiant had knowledge of additional evidence available to the State which might be admitted in a retrial of this offense and that said evidence would have been damaging to Otis Wooden’s chances of acquittal and also damaging to his chances of having the jury recommend mercy; and that furthermore Affiant was and is of the opinion that no reversible error was committed in said trial.” Therefore, in this proceeding we are confronted with the uncontradicted evidence that Wooden was advised of his right to appeal; he expressed a desire to appeal, and his court-appointed counsel refused to institute the appeal.
The State contends that State action has not been shown to be the basis of deprivation of petitioner’s right to appeal. We cannot sustain such contention. See Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811.
 The question which we have here entertained by reason of Wooden’s petition for writ of habeas corpus is more properly presented by a motion to vacate judgment and sentence pursuant to Criminal Procedure Rule 1.850, 33 F.S.A.; however, since the return of the State, which includes the affidavit executed by Wooden’s trial attorney, reflects without contradiction that Wooden was deprived of a direct appeal from his judgment of conviction and sentence by State action in that Wooden’s court-appointed counsel refused to take an appeal, we conclude that the administration of justice will best be served by granting relief in this extraordinary proceeding. Although Wooden is not entitled to be discharged from custody, he is entitled to a full appeal. The Public Defender of the Fourth Judicial Circuit of Florida is hereby designated as court-appointed counsel to represent Wooden and to forthwith perfect a review of the judgment of conviction and sentence in this cause pursuant to the method designated in Hollingshead v. Wainwright, 194 So.2d 577 (Fla.1967).
JOHNSON, C. J., and SPECTOR, J., concur.