246 So.2d 755 (1971)
STATE of Florida, Petitioner,
v.
Otis WOODEN, Respondent.
No. 39919.
Supreme Court of Florida.
April 7, 1971.
Robert L. Shevin, Atty. Gen., and Michael J. Minerva, Asst. Atty. Gen., for petitioner.
Louis O. Frost, Jr., Public Defender and Gerald Sohn, Asst. Public Defender, for respondent.
McCAIN, Justice.
Respondent was convicted of rape and sentenced to 30 years in prison. He was advised of his right to appeal, but his court-appointed counsel refused his request for reasons of professional judgment, among which was counsel's conclusion that no meritorious ground for appeal existed. No appeal was taken.
By petition for writ of habeas corpus directed to the First District Court of Appeal [Wooden v. State, 236 So.2d 137 (Fla.App. 1st, 1970] respondent alleged that his right to a direct appeal had been frustrated by state action and sought, under Baggett v. Wainwright, 229 So.2d 239 (Fla. 1969), delayed appellate review. The District Court, citing Douglas v. California, 372 U.S. 353, 83 S.Ct. 814 9 L.Ed.2d *756 811 (1963) agreed that Wooden had been deprived of a direct appeal by the action of his court-appointed attorney and granted a delayed appeal. We do not quarrel with this result.
However, in the course of its opinion, the District Court made the following statement:
"The question which we have here entertained by reason of Wooden's petition for writ of habeas corpus is more properly presented by a motion to vacate judgment and sentence pursuant to Criminal Procedure Rule 1.850. However, since the return of the State, * * * reflects without contradiction that Wooden was deprived of a direct appeal * * * we conclude that the administration of justice will best be served by granting relief in this extraordinary proceeding."
Both sides agree that this language is in direct conflict with Powe v. State, 216 So.2d 446 (Fla. 1968) and Baggett v. Wainwright, supra, wherein we concluded that the proper method for raising the issue of deprivation of direct appeal was by petition for habeas corpus, not by petition pursuant to Criminal Rule 1.850, 33 F.S.A. Upon review of these decisions we reaffirm our position in Powe and Baggett and expressly overrule the language in the opinion of the District Court leading to a contrary conclusion.
In so doing, we note with consternation that the Florida decisions construing Rule 1.850 do not adequately explain the theoretical basis for the remedy and the reason why a Rule 1.850 petition is not appropriate to raise deprivation of appeal. In interests of clarity and certainty, therefore, we undertake an explanation at this time.
Following the decisions of the United States Supreme Court in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and numerous others, the habeas corpus remedy in Florida underwent a virtual rebirth among practitioners who discovered it to be the most useful tool available to remedy constitutional errors at the trial level. At the same time, however, habeas corpus proved to be a cumbersome tool for the appellate courts to work with, primarily because the majority of habeas corpus petitions required factual determinations which the appellate courts were not equipped to make without appointment of a commissioner and temporary relinquishment of jurisdiction.
It was primarily as a remedy for this problem that Rule 1.850 was promulgated. See Roy v. Wainwright, 151 So.2d 825 (Fla. 1963); Reddick v. State, 190 So.2d 340 (Fla.App. 2nd, 1966); Tolar v. State, 196 So.2d 1 (Fla.App. 4th, 1967); and Smith v. State, 176 So.2d 383 (Fla. App. 3rd, 1965). Essentially, the Rule provides a method by which allegations formerly raised by petition for habeas corpus directed to the appropriate District Court may now be raised in the trial court which entered judgment and sentence; if an evidentiary hearing is necessary, it is a simple matter for a trial judge to provide one. Johnson v. State, 184 So.2d 161 (Fla. 1966), rehearing 185 So.2d 466 (1966).
In view of the acknowledged purpose of Rule 1.850 to facilitate factual determinations, it will be supposed that therein lies the distinction between proceedings under the Rule and petitions for habeas corpus. But such is not the case. On petition for habeas corpus an appellate court may still appoint a commissioner to make factual findings if that measure is found to be necessary. A case in point frequently arises where a petitioner alleges deprivation of his right of direct appeal. See Hollingshead v. Wainwright, 194 So.2d 577 (Fla. 1967); Baggett v. Wainwright, supra; and State ex rel. Gaines v. Wainwright, 233 So.2d 174 (Fla.App. 2nd, 1970).
In reality, the limitation on the scope of Rule 1.850 with which we are *757 concerned here, is jurisdictional. A trial court may consider under the Rule those fundamental errors which it has power to correct, errors arising in the trial process itself. Stated another way, a trial judge may correct any error going to the validity of the judgment and sentence. If an error invalidating a judgment and/or sentence is discovered, the trial judge has power under the rule to vacate and set aside the judgment and sentence and to order a new trial or discharge the prisoner.
But what is a trial judge to do if he discovers that a defendant's right to a direct appeal has been frustrated? Clearly, he cannot enter an order granting a delayed appeal in the appropriate District Court or the Supreme Court, because he has no power over these courts and such an order would not be binding upon them. Nor can he set the judgment and sentence aside because a finding of frustration of direct appeal does not bring into question the validity of the judgment and sentence.
However, the appellate court which would have been empowered to hear the direct appeal could clearly grant a defendant a delayed appeal in appropriate circumstances through the remedy of habeas corpus. Baggett v. Wainwright, supra.
We also observe that the habeas corpus remedy at the appellate level does not carry with it the jurisdictional problems associated with Rule 1.850. It is true that habeas corpus is no longer available in those situations where Rule 1.850 provides adequate relief, but this is a limitation set up in Rule 1.850 itself which does not rest on jurisdictional grounds:
"An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this rule, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."
A second problem posed by the instant case concerns the State's allegation that court-appointed counsel is not required to take an appeal which has no merit. For this proposition the State refers us to the following language in Frizzell v. State, 238 So.2d 67, 70 (Fla. 1970):
"Private counsel is not required to prosecute an appeal without the payment of a fee and the advice of the public defender not to appeal * * * was probably good advice. * * * The public defender's office is not required to appeal a case which has no merit. * * *"
Clearly, the State has correctly interpreted Frizzell. Were we to follow the quoted language, we would be required to reverse the District Court in the instant case and hold that respondent's right to appeal was not frustrated by state action. But, as even the State admits, the quoted language from Frizzell is no longer a correct statement of the law. As we said in Baggett v. Wainwright, supra:
"A chain of decisions subsequent to Douglas v. California, supra, culminating in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), makes it quite clear that the requirement of Douglas is not necessarily met simply by the appointment of counsel to represent an indigent defendant on appeal. The Anders case raised to constitutional proportion certain minimum requirements imposed on a court-appointed counsel who considers his client's appeal to be frivolous." (Emphasis added)
Among the minimum requirements imposed on court-appointed counsel by the Anders decision, are the following:
"* * * if counsel finds his [defendant's] case to be wholly frivolous after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request *758 must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court  not counsel  then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous."
In light of Anders v. California, supra, and Baggett v. Wainwright, supra, therefore, we hereby recede from the language in Frizzell v. State, supra, suggesting that court-appointed counsel need not appeal a case which he determines is without merit.
Accordingly, the decision of the District Court is affirmed in part and reversed in part and the cause remanded to the District Court for the purpose of granting respondent a full appeal.
Affirmed in part; reversed in part.
ROBERTS, C.J., and ERVIN, BOYD and DREW (Retired) JJ., concur.