PEARSON, Chief Judge.
The appellant was tried before the court without jury upon a charge of robbery. He was adjudicated guilty and sentenced to twenty years in the state penitentiary. Subsequently, he filed a motion for relief pursuant to CrPR 1.850, 33 F.S.A. The motion was denied after an evidentiary hearing. Appellant urges on this appeal that the trial court erred in not granting him a new trial upon the evidence presented at his evidentiary hearing upon his CrPR 1.850 motion.
*78 The basic argument of the appellant is that the weight of the evidence before the trial judge at the evidentiary hearing on his motion for relief from judgment and sentence was such that the trial judge should have found that appellant’s conviction was based upon a mistaken identification. Proceedings pursuant to CrPR 1.850 are not ordinarily available for a second review of the sufficiency of the evidence upon an issue of fact tried at the time of the movant’s trial upon the criminal charge concerned. Swindle v. State, Fla.App.1967, 202 So.2d 132; Murray v. State, Fla.App.1966, 191 So.2d 292. In the present instance, the trial judge saw fit to hold an evidentiary hearing upon appellant’s motion pursuant to CrPR 1.850 because of the extraordinary circumstance that another person had allegedly confessed to the crime for which the appellant was convicted. No issue is raised on this appeal as to the propriety of appellant’s use of the procedure pursuant to CrPR 1.850 for the purpose sought to be accomplished. But compare, Falagon v. State, Fla.App.1964, 167 So.2d 62.
Since every human institution is fallible it is true that mistakes in identification are sometimes made. An appellate court does not try the issues of fact which are made when a prisoner alleges that such a mistake has been made. It is our function to review the judgment of the trial court and to reverse such findings of fact only when it clearly appears that there is no reasonable basis for the conclusion reached by the trial judge. The evidence on behalf of the appellant in the eviden-tiary hearing is not so compelling that we can say that as a matter of law the trial judge erred in failing to grant a new trial. Coleman v. State, Fla.App.1967, 193 So.2d 699.
Affirmed.