DEKLE, Justice.
We issued a writ of habeas corpus in this cause, specifically requesting the state to respond to the allegation in the petition that court-appointed counsel had illegally refused to appeal the petitioner’s original conviction for rape. On October 9, 1971, the state filed its return to the petition. In that return, the state requests this Court to dismiss the petition on the ground that petitioner’s two prior Rule 1.850 motions rendered the issues contained herein res judi-cata. The state also alleged that the petitioner had waived his right to an appeal.
Our recent opinion in the case of Jones v. Wainwright, Fla., 252 So.2d 570, made it clear that res judicata and collateral estoppel are appropriate doctrines to prevent habeas corpus from being used as a second appeal. However, since petitioner has apparently never had his first direct appeal the doctrine of Jones v. Wainwright is inapplicable in the present case.
While explaining the difference between Rule 1.850, 33 F.S.A., and habeas corpus, this Court recently said in State v. Wooden, 246 So.2d 755 (Fla.1971):
“The limitation on the scope of Rule 1.-850 with which we are concerned here, is jurisdictional. A trial court may consider under the Rule those fundamental errors which it has power to correct, er-' rors arising in the trial process itself. Stated another way, a trial judge may correct any error going to the validity of the judgment and sentence. * * *
“But what is a trial judge to do if he discovers that a defendant’s right to a direct appeal has been frustrated? Clearly, he cannot enter an order granting a delayed appeal in the appropriate District Court or the Supreme Court, because he has no power over these courts * * * »
It is seen from this language in Wooden that petitioner’s complaint herein (frustration of the right to a direct appeal) could not properly have been considered by the trial judge in the two prior Rule 1.850 proceedings. This is so because the trial judge was without jurisdiction to do anything about this particular complaint if he had considered it. The fact that there were appeals from the adverse rulings in the trial court cannot cure this jurisdictional deficiency.
 As to the state’s second point, the record only partially supports the claim that petitioner waived his right to an .appeal. It is clear from the record submitted by the state that the petitioner’s attorney withdrew his motion for a new trial and voluntarily waived his right to petition for a new trial. However, it does not necessarily follow that because petitioner waived a motion for a new trial that he also waived his right to a direct appeal. In order to waive a constitutional right the waiver of such right must clearly appear in the record, and no such waiver will be implied. Baker v. Wainwright, 422 F.2d 145 (5th Cir.1970); Fitzgerald v. Wainwright, 440 F.2d 1049 (5th Cir.1971).
The state having failed adequately to refute the allegations in the petition, this cause cannot be dismissed as suggested by the state. The cause is hereby transferred to the District Court of Appeal, Third District, under authority of Baggett v. Wainwright, 229 So.2d 239 (Fla.1970), for such further proceedings as the district court may deem appropriate in light of this opinion, including the appointment of a Commissioner to make any necessary findings of fact.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON and ADKINS, JJ., concur.