ON MOTION TO WITHDRAW AS COUNSEL
PALMER, J.
In this appeal of a dependency order which placed a child into residential treatment, the child’s counsel has moved to withdraw certifying that, after a conscientious review of the record, he has determined in good faith that there are no meritorious grounds on which to base an appeal. In considering the motion, we must determine whether the procedures applicable to criminal cases, as set forth in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), are applicable to appeals of orders placing a child in residential treatment. We conclude, based upon the reasoning set forth in Pullen v. State, 802 So.2d 1113 (Fla.2001), that such procedures do in fact apply and, accordingly, we defer ruling on counsel’s motion to withdraw and instead direct counsel to file an Anders brief.
In Anders, the United States Supreme Court determined that counsel appointed to represent an indigent criminal defendant could not withdraw from representation by merely advising the appellate court that the appeal had no merit. Rather, counsel was required to submit a brief with its request to withdraw, referring the court to anything in the record that arguably supported the appeal. The indigent defendant was then given an opportunity to raise any points that he or she chose. Thereafter, the appellate court, rather than counsel, must conduct a full examination of all the proceedings to decide whether the appeal is frivolous. If so, the court can grant counsel’s request to withdraw and proceed to decide the case. If it finds that any of the legal points are not frivolous, the court must afford the defendant the assistance of counsel to argue the appeal. In 1971, the Florida Supreme Court adopted the precise procedure in Anders for criminal appeals in this state. See State v. Wooden, 246 So.2d 755 (Fla.1971), abrogated on other grounds, State v. District Court of Appeal, 569 So.2d 439 (Fla.1990).
In Pullen v. State, 802 So.2d 1113 (Fla.2001), the Florida Supreme Court addressed the question of whether Anders procedures should apply to involuntary civil commitments instituted under the Baker *306 Act.[1] The court concluded that such procedures are required because “the policies and interest served by the Anders procedure in criminal proceedings are also present in involuntary civil commitments under Florida’s Baker Act, namely, that the resolution of an appeal of the commitment order be related to the merits of the appeal rather than to the individual’s ability to hire private counsel and, further, that the curtailment of the fundamental right of liberty is implicated in both criminal proceedings and involuntary civil commitments.” Id. at 1119.
Given the curtailment of the fundamental right of liberty which occurs when a child is placed into residential treatment, we conclude that the fundamental policies and interests served by the Anders procedure are also present in appeals taken from orders placing a child into residential treatment. See also Williams v. State, 889 So.2d 804 (Fla.2004)(holding that Anders procedures applied to involuntary commitment proceedings of persons adjudicated as sexually violent predators).
Our supreme court’s more recent decision in N.S.H. v. Department of Children and Family Services, 843 So.2d 898 (Fla.2003), does not dictate a different result. In N.S.H., the court held that the Anders procedures were not to be followed in cases involving appeals from orders involving the termination of parental rights. The primary basis for that ruling was stated as follows:
Although we do not minimize the significant interest at stake in parental rights termination proceedings, the essential difference between termination proceedings and both criminal proceedings and civil commitment proceedings is that termination proceedings do not involve the risk of loss of physical liberty. Further, there are two interests that must be weighed in a termination proceeding: that of the parent and that of the child.
Id. at 902. Since the instant case involves the loss of physical liberty and does not involve competing interests such as those that must be weighed in a termination proceeding, the reasoning of the court in Pullen, not N.S.H., is more analogous to the situation presented in this case.
Accordingly, we defer ruling on the instant motion to withdraw and direct counsel to file an Anders brief. We further direct that such proceedings be followed in all future cases in which court-appointed counsel seeks to withdraw from the appeal of a dependency order placing a child into residential treatment.
RULING ON MOTION TO WITHDRAW DEFERRED; COUNSEL DIRECTED TO FILE ANDERS BRIEF.
ORFINGER and MONACO, JJ., concur.

. See § 394.467, Fla. Stat. (2003).