PER CURIAM.
Appellant seeks reversal of an order of the criminal court of record of Dade County denying his motion, filed under Rule 3.850 CrPR, 33 F.S.A., for relief from a conviction.
On December 6, 1967, the appellant was convicted of breaking and entering a dwelling, and of grand larceny, and was sentenced to imprisonment in the state prison for a period of four years. He appealed, and this court affirmed on July 16, 1968 (212 So.2d 805). The Supreme Court of Florida denied certiorari.
Thereafter, on November 21, 1970, the appellant filed his motion under Rule 3.850 CrPR in the trial court. Thereby he sought to obtain a new trial upon contending the trial court committed error by permitting his fingerprints, which had been *513 taken by the police earlier on a round-up of suspects, to be used for comparison with a fingerprint found at the place of the offense, by which it was established that the latter was a fingerprint of the appellant. The motion was denied by the trial court, and this appeal followed.
In renewing that contention here, the appellant cites Davis v. Mississippi, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed. 676, for the proposition that fingerprints taken upon detention solely for that purpose prior to arrest for the offense for which the person subsequently is charged, may not be so used.
The Florida decisions hold that questions presentable on appeal are not proper subjects for collateral attack of a conviction under Rule 3.8S0 CrPR. That has been applied to admission of evidence claimed to have been obtained on an illegal search. Austin v. State, Fla.App. 1964, 160 So.2d 730; Duncan v. State, Fla.App. 1964, 161 So.2d 718; Kirkland v. State, Fla. App.1964, 165 So.2d 774; Grayson v. State, Fla.App.1966, 191 So.2d 587.
However, appellant cites Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227, allowing a defendant who was convicted in a federal court to seek post conviction relief there under 28 U.S. C.A. § 2255, for admission of evidence obtained by illegal search and seizure, although such is a matter reviewable on appeal. The Kaufman case dealt with a situation where no challenge of the evidence on such ground of illegality had been made at trial or on appeal. It appears to have been recognized in Kaufman (394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d at 238 and 240) that if the matter was presented by motion to suppress in the trial court and there denied or was presented on appeal and rejected by the appellate court, it would not present proper basis for collateral attack by a post conviction motion.
That situation prevailed in this case. Here the defendant made a timely motion to suppress the challenged evidence in the trial court, and the motion was heard and denied. In addition, it was developed in the argument on the present appeal that on his prior direct appeal from the judgment the appellant had assigned as error the trial court’s denial of his motion to suppress the evidence in question, but that the point or assignment of error was not argued in appellant’s brief on the appeal. Therefore, although the question was also raised on the direct appeal, by having been assigned as error, it was voluntarily waived there by failure to argue the same. Rule 3.7, subd. i, FAR, 32 F.S. A. provides that assignments of error which are not argued in the brief will be deemed abandoned.
For the reasons assigned the order of the trial court denying the post trial motion is affirmed.