McCORD, Judge.
This is an appeal from an order of the trial court denying appellant’s motion to vacate judgment and sentence pursuant to Rule 3.850, F.R.Cr.P., 33 F.S.A. Appellant on being convicted of robbery appealed to this court and the conviction was affirmed. See Williams v. State, Fla.App. (1st), 266 So.2d 685 (1972).
On this present appeal, appellant raises five points on which he contends the trial court erred in denying his motion. First, he contends that he was the victim of an unreasonable search and seizure. This point was raised in the trial and in the assignments of error on his direct appeal but it was not argued and was therefore abandoned. See Spencer v. State, Fla.App. (3rd) 259 So.2d 512, cert. den., Fla., 267 So.2d 833.
Second, appellant contends he was not accorded a prompt first appearance as required by Rule 3.130(b)(1) F.R.Cr.P., 33 F.S.A. This rule did not become effective until after affirmance of appellant’s conviction. Also, there is no allegation or indication that appellant was prejudiced by noncompliance with a nonexistent rule.
Third, appellant contends he was denied a preliminary hearing pursuant to Rule 3.131(a) F.R.Cr.P., 33 F.S.A. This rule likewise was not in effect until after affirmance of appellant’s conviction. A similar requirement of Section 901.23, Florida Statutes, F.S.A., was in effect at the time of appellant’s arrest, but a preliminary hearing is not required where the state prosecutes by information (as in this case). See Bradley v. State, Fla.App. (1st) 265 So.2d 532, cert. den., 411 U.S. 916, 93 S.Ct. 1543, 36 L.Ed.2d 307.
Fourth, appellant contends he was denied effective assistance of counsel. On this point, appellant states his appointed counsel had a conflict of interest in that he was employed as county prosecuting attorney to take office subsequent to appellant’s trial. We do not find that such subsequent employment would constitute a conflict of interest on the part of appellant’s counsel and do not find that appellant’s rights were in any way prejudiced thereby. Appellant further contends under his fourth point that his counsel was appointed one week before trial and, therefore, did not have adequate time to prepare for trial. At no time did appellant or his counsel request a continuance. There is no indication that one week was insufficient time for appellant’s counsel to prepare for trial. See State v. Barton, Fla., 194 So.2d 241. In addition, the record shows that the trial court made every effort to appoint counsel at an earlier date but was precluded from doing so by appellant’s protestations that he did not want appointed counsel.
Fifth, appellant contends the trial court erred in summarily denying his motion to vacate. Under Rule 3.850, F.R.Cr. P., 33 F.S.A., the trial judge may deny a motion without a hearing if the files and records in the case conclusively show that the prisoner is entitled to no relief. Based upon the record and the contents of appellant’s motion, we find no error in the trial court’s denial of it without hearing.
Affirmed.
RAWLS, C. J., and JOHNSON, J., concur.